| | |
|---|---|
| ANWAR ABU-SHAYED and PATRICIO OLMEDO, <br><br> Plaintiffs, <br><br> v. <br><br> PLANET HOME LENDING, LLC, <br><br> Defendant. | **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF CONNECTICUT** <br><br> Case No.: _____ <br><br> **VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, STATUTORY, AND EQUITABLE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

*JUN 3 2026 PM12:53*
*FILED - USDC - BPT - (*

# Verified Complaint

Plaintiffs Anwar Abu-Shayed and Patricio Olmedo, proceeding self-represented, bring this Verified Complaint against Defendant Planet Home Lending, LLC. Plaintiffs allege as follows based on personal knowledge, documents received from Defendant and related entities, public land records, credit-reporting records, CFPB submissions/responses, and the verified evidence packet filed or submitted with this Complaint.

## I. Nature of the Action

1. This is a federal servicing, credit furnishing, disclosure, accounting, and enforcement-authority case arising from Defendant's servicing of an FHA mortgage loan secured by Plaintiffs' home at 23 Green Hills Circle, Waterbury, Connecticut.
2. Plaintiffs do not ask this Court to decide ordinary state-law foreclosure issues in isolation. Plaintiffs seek federal relief because the foreclosure is proceeding on a servicing ledger, credit-furnishing baseline, HUD partial-claim record, and enforcement-authority record that Defendant has not reliably verified after written federal disputes.
3. Planet's own documents identify Homestead Funding Corp. as originator, Planet as later servicer, GNMA/GINNIEMAE II as investor/owner/assignee, MERS as inactive, and HUD as holder of a subordinate partial-claim mortgage. Those records require strict proof before Defendant may rely on the disputed debt baseline to accelerate, furnish negative credit data, or press foreclosure-related relief.
4. Plaintiffs seek declaratory relief, injunctive relief, statutory damages, actual damages, costs where available, and any other appropriate relief under RESPA, Regulation X, FCRA, TILA/Regulation Z, the Declaratory Judgment Act, and the Court's equitable authority.

## II. Parties

5. Plaintiff Anwar Abu-Shayed is a record owner and borrower connected to the subject property and loan.
6. Plaintiff Patricio Olmedo is a record owner and borrower connected to the subject property and loan.
7. Defendant Planet Home Lending, LLC is a mortgage servicer and the plaintiff in the pending Connecticut foreclosure action concerning the same property.

## III. Jurisdiction and Venue

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under RESPA, Regulation X, FCRA, TILA, Regulation Z, and related federal consumer-financial statutes and regulations.
9. This Court has authority to issue declaratory relief under 28 U.S.C. §§ 2201-2202.
10. This Court has supplemental jurisdiction over related state-law and equitable issues under 28 U.S.C. § 1367 to the extent those issues form part of the same case or controversy.
11. Venue is proper in the District of Connecticut because the property, servicing conduct, foreclosure activity, credit injuries, and Plaintiffs' residence are located in Connecticut and Defendant services the loan from Connecticut addresses.

## IV. Factual Allegations

12. **Origination and servicing transfer:** The loan is dated June 9, 2023. The originating lender identified in the records is Homestead Funding Corp. Planet's January 20, 2026 CFPB response states that Plaintiffs contracted with Homestead for an FHA loan and that the loan transferred to Planet for servicing on August 1, 2023.

13. **MERS inactive / servicer-only record:** The MERS ServicerID record for MIN 1003172-1000324495-2 identifies Planet as servicer and lists the MIN status as Inactive. It does not identify Planet as originating lender, owner, holder, noteholder, creditor, investor, assignee, or mortgagee.

14. **Investor / owner / assignee issue:** Planet's loss-mitigation documents identify Owner of Loan/Assignee as GINNIEMAE II. Planet's pre-mediation account history also identifies Investor Type GNMA and Investor # 546.

15. **Homestead note-custody issue:** Homestead's CFPB response states that certain records may be maintained by servicers, custodians, investors, or other entities and that Homestead does not possess the original Note.

16. **HUD partial claim:** A HUD Partial Claim Mortgage dated September 27, 2024 and recorded October 25, 2024 created a subordinate HUD lien in the principal amount of $36,406.96.

17. **PC 2 cure representation:** Planet's CFPB response states that on October 15, 2024 the $36,406.96 PC 2 funds were applied to the loan, bringing the loan current and due for November 1, 2024.

18. **Later default and foreclosure referral:** Planet later asserted a post-cure default, issued default/acceleration materials, and referred the loan to foreclosure on or about November 26, 2025.

19. **Loss mitigation:** Planet acknowledged a complete loss-mitigation application on January 10, 2024 and stated that foreclosure protections applied while the application was under review.

20. **Written dispute / NOE / QWR:** Plaintiffs submitted a written Notice of Error, Qualified Written Request, and Demand for Compliance disputing servicing, escrow, suspense/unapplied payments, partial-claim accounting, credit furnishing, and loss-mitigation treatment. The CFPB complaint date for the related complaint is December 8, 2025.

21. **Credit reporting:** Experian removed the Planet Home Lending tradeline after reinvestigation. Equifax displayed the same mortgage under Green Planet Mortgage LLC with the original creditor blank/dash while foreclosure is prosecuted by Planet Home Lending, LLC.

22. **Pre-mediation packet:** The PHL pre-mediation packet identified Naomi Young as the individual able to respond to mediator questions; it also included internal account history, reinstatement quote, payoff calculation, fee/per diem pages, and attorney-fee/cost information.

23. **State foreclosure and lis pendens:** Planet filed or prosecuted a Connecticut foreclosure action and recorded a lis pendens affecting title while Plaintiffs dispute the enforceable chain, account baseline, MERS status, investor authority, HUD partial-claim effect, and credit-furnishing reliability.

## V. Claims for Relief

### Count One - RESPA / Regulation X: Notice of Error and Request for Information Failures

Plaintiffs reallege all prior paragraphs. Defendant failed to reasonably investigate, correct, explain, and produce records responsive to Plaintiffs' servicing disputes concerning payment application, escrow, suspense/unapplied funds, partial-claim application, loss-mitigation status, foreclosure referral, owner/assignee authority, and account history. Defendant's conduct violated RESPA and Regulation X, including 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.35 and 1024.36.

### Count Two - Regulation X Loss-Mitigation and Foreclosure-Escalation Violations

Plaintiffs reallege all prior paragraphs. Defendant acknowledged complete loss-mitigation activity, processed FHA partial claims, and represented that PC 2 brought the loan current for November 1, 2024, yet later treated

the file as chronically delinquent and proceeded toward foreclosure without a reliable post-cure accounting. This conduct supports relief under Regulation X loss-mitigation requirements, including 12 C.F.R. § 1024.41.

### Count Three - RESPA / Regulation X Escrow and Payment-Application Accounting

Plaintiffs reallege all prior paragraphs. Defendant's escrow, corporate-advance, suspense, fee, and reinstatement figures require reconstruction. Plaintiffs dispute escrow shortages, advances, insurance/tax projections, and payment-application history. Defendant's failure to provide a reliable line-by-line reconstruction supports relief under RESPA and Regulation X, including 12 C.F.R. § 1024.17.

### Count Four - FCRA Furnishing / Investigation Defects

Plaintiffs reallege all prior paragraphs. Defendant furnished or caused to be furnished mortgage account data that Plaintiffs dispute as inaccurate, incomplete, internally inconsistent, and not reliably verified. Experian removed the Planet tradeline after reinvestigation, while Equifax displayed the mortgage under Green Planet Mortgage LLC with the original creditor blank/dash. Defendant failed to conduct a reasonable investigation and correct disputed information after notice through consumer-reporting and CFPB channels, in violation of FCRA, including 15 U.S.C. § 1681s-2(b), to the extent applicable after CRA notice.

### Count Five - TILA / Regulation Z Recoupment, Setoff, Disclosure Preservation, and Related Relief

Plaintiffs reallege all prior paragraphs. Plaintiffs preserve TILA and Regulation Z claims, including disclosure, recoupment, setoff, damages, and rescission arguments where legally available. Plaintiffs do not rely solely on a broad purchase-money rescission theory. Plaintiffs allege that the disputed closing disclosures, subsequent HUD partial-claim/security-interest activity, and failure to provide a reliable transaction and enforcement record support statutory recoupment, setoff, and related relief.

### Count Six - Declaratory Judgment Act

Plaintiffs reallege all prior paragraphs. An actual controversy exists concerning Defendant's servicing authority, enforcement authority, post-partial-claim accounting, HUD partial-claim effect, credit-furnishing baseline, MERS status, investor/assignee authority, and ability to rely on the disputed ledger in foreclosure. Plaintiffs seek declarations clarifying the parties' rights and obligations under the federal servicing, furnishing, disclosure, and accounting record.

### Count Seven - Injunctive Relief / Status Quo Preservation

Plaintiffs reallege all prior paragraphs. Plaintiffs seek narrowly tailored injunctive relief preserving the status quo and preventing Defendant from relying on disputed account data, credit-furnishing data, or unverified enforcement-authority records while federal servicing, furnishing, partial-claim, and accounting issues are adjudicated.

## VI. Request for Relief

24. Declare that Defendant must produce a complete, reliable, and verified servicing and enforcement-authority record before relying on the disputed debt baseline in foreclosure or credit furnishing.
25. Declare the legal and accounting effect of the September 27, 2024 HUD Partial Claim Mortgage and Planet's October 15, 2024 application of $36,406.96 bringing the loan current and due for November 1, 2024.
26. Order Defendant to produce a life-of-loan payment history; escrow analyses; suspense/unapplied funds ledger; corporate advances; fee ledger; attorney/trustee disbursement records; note custody records; endorsements/allonges; assignments; investor/owner/assignee authority; servicing agreement; power of attorney; and Ginnie Mae/HUD-related authority records.

27. Enjoin Defendant from advancing foreclosure judgment, title transfer, sale, or reliance on disputed payoff/reinstatement figures until federal servicing, accounting, furnishing, and enforcement-authority issues are resolved.

28. Order correction or reinvestigation of inaccurate or unverifiable credit-furnishing information and prohibit reliance on disputed consumer-reporting data as a foreclosure baseline.

29. Award actual damages, statutory damages where available, costs, fees where authorized, and equitable relief.

30. Grant such other relief as the Court deems just and proper.

## VII. Jury Demand

Plaintiffs demand a trial by jury on all claims so triable.

## VIII. Exhibit List

Plaintiffs incorporate the accompanying Verified Federal Evidence Packet and State/Federal Harm Matrix, including Exhibits A through K, as factual support for this Complaint.

# Verification

The undersigned certify under penalty of false statement that the factual allegations contained in this Verified Complaint are true and accurate to the best of their knowledge, information, and belief.

Dated at Waterbury, Connecticut, this 25th day of May, 2026.

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed, Plaintiff, Pro Se
23 Green Hills Circle
Waterbury, CT 06708

/s/ Patricio Olmedo
Patricio Olmedo, Plaintiff, Pro Se
23 Green Hills Circle
Waterbury, CT 06708

# VERIFIED FEDERAL EVIDENCE PACKET AND STATE/FEDERAL HARM MATRIX

### Abu-Shayed / Olmedo v. Planet Home Lending, LLC
### Foreclosure / Servicing / Credit Furnishing / Enforcement-Authority Record
### May 25, 2026

| | |
|---|---|
| **Borrowers / Plaintiffs** | Anwar Abu-Shayed and Patricio Olmedo |
| **Property** | 23 Green Hills Circle, Waterbury, Connecticut 06708 |
| **Loan No.** | 9102363637 |
| **FHA Case No.** | 061-6155385 |
| **Note / Origination Date** | June 9, 2023 |
| **Originator** | Homestead Funding Corp. |
| **Servicer / Foreclosure Plaintiff** | Planet Home Lending, LLC |
| **Foreclosure Counsel** | Halloran Sage LLP / Christopher J. McCarthy |
| **MERS MIN** | 1003172-1000324495-2 |
| **MERS Status** | Inactive |
| **Investor / Owner / Assignee Shown in Planet Records** | GNMA / GINNIEMAE II |
| **CFPB Complaint Date** | December 8, 2025 (corrected date) |

## Purpose of Packet

This verified evidence packet organizes the core documentary record supporting federal and state claims arising from disputed mortgage servicing, loss mitigation, credit furnishing, account verification, HUD partial-claim handling, foreclosure prosecution, and enforcement authority. It is designed to match the federal complaint, TRO/preliminary-injunction request, state foreclosure defenses, mediation record, and exhibit submissions.

## Central Theory - Precise and Non-Overstated

- Planet Home Lending is a later servicer and foreclosure plaintiff; servicing status alone does not prove holder status, owner status, agency authority, note custody, or authority to prosecute foreclosure.
- Planet's own records identify Homestead as originator, GNMA/GINNIEMAE II as investor/owner/assignee, MERS as inactive, and HUD as holder of a separate subordinate partial-claim lien.
- Planet's CFPB response states that PC 2 funds of $36,406.96 were applied on October 15, 2024 and brought the loan current and due for November 1, 2024; later foreclosure, credit reporting, and reinstatement numbers must be reconciled against that cure event.
- The federal harms include RESPA/Regulation X servicing-error issues, loss-mitigation issues, escrow-account issues, FCRA furnishing/investigation issues, and TILA/Regulation Z disclosure, recoupment, setoff, and preservation issues.
- The state harms include Connecticut foreclosure-mediation prejudice, title-clouding through lis pendens, enforcement-authority disputes, equitable accounting problems, and declaratory-judgment issues concerning the post-partial-claim debt baseline.

## Master Exhibit Index

| Exhibit | Document | Federal Harm | State Harm |
|---|---|---|---|
| A | Planet CFPB Response - Dec. 8, 2025 complaint / Jan. 20, 2026 response | RESPA/Reg X, FCRA, TILA/Reg Z record notice | standing/accounting/mediation proof |
| B | Homestead CFPB Response - no original Note in possession | TILA/RESPA record-custody issue | note custody / enforcement authority |
| C | MERS ServicerID - inactive MIN | verification and transfer-status issue | standing/lis pendens strict proof |
| D | GINNIEMAE II / GNMA owner-assignee references | Reg X loss mitigation / investor authority | agency/standing authority |
| E | HUD Partial Claim Mortgage and Note | HUD/FHA, RESPA accounting, Reg X | declaratory accounting / lien status |
| F | Complete Loss-Mitigation Application Acknowledgment | Reg X 1024.41 protections | mediation good-faith / foreclosure timing |
| G | PHL Pre-Mediation Packet / Naomi Young / MSP Screens | RESPA/Reg X accounting, FCRA baseline | mediation compliance / sanctions / accounting |
| H | NOE / QWR / Demand for Compliance | RESPA 1024.35/36, FCRA notice, TILA preservation | notice, non-waiver, accounting dispute |

| I | Lis Pendens, Foreclosure Complaint, Assignment | federal injunctive relief context | title cloud / 52-325b / 49-17 |
|---|---|---|---|
| J | Experian Deletion + Equifax Green Planet Reporting | FCRA verification and identity issues | reliable debt baseline / accounting |
| K | Connecticut Homeowner Protection / Mediation Law | federal-state coordination | 49-31k-n mediation duties/sanctions |

# EXHIBIT A

## PLANET CFPB RESPONSE - ORIGINATION, SERVICING, PARTIAL CLAIM, CREDIT FURNISHING

| Document | Planet Home Lending CFPB response dated January 20, 2026 |
|---|---|
| Source / Date | Response to CFPB Complaint ID 251208-26626660; complaint received December 8, 2025 |
| Core Facts | Homestead originated the loan; Planet began servicing August 1, 2023; PC 2 applied October 15, 2024; foreclosure referral November 26, 2025; Planet defended credit reporting. |

### Explanation of Relevance

- Shows Planet is not the originator and frames the record as servicing, accounting, credit furnishing, and enforcement-authority dispute.
- Provides the critical October 15, 2024 PC 2 cure anchor and November 1, 2024 current-status representation.

### Federal Harms / Federal Use

- RESPA/Reg X: supports servicing-error and information-request claims.
- FCRA: supports furnisher dispute and failure-to-correct theory.
- TILA/Reg Z: preserves disclosure/recoupment/setoff context.

### State Harms / State Use

- Connecticut equitable foreclosure: supports demand for reliable account baseline.
- Mediation statutes: shows issues requiring ability to mediate and accurate documentation.

## EXHIBIT A - SOURCE PAGE 1

**Planet CFPB response page 1**



January 20, 2026

Anwar Abu-Shayed
23 Green Hills Circle
Waterbury, CT 06708

Re:   **Planet Home Lending, LLC Account: 9102363637 (the "Loan")**
      **Property Address: Same as Mailing Address**
      **CFPB Complaint ID: 251208-26626660**

Dear Ms. Abu-Shayed:

On December 8, 2025, Planet Home Lending, LLC ("Planet") received the complaint you filed with the Consumer Financial Protection Bureau ("CFPB") in which you state that your origination documents were altered and that Planet has mismanaged your requests for assistance and the escrow account. You also dispute how Planet has reported the Loan to the credit report agencies. We respond accordingly.

By way of background, on June 9, 2023, you and Patricio Olmedo contracted with Homestead Funding Corp. ("Homestead") for a $324,000.00 FHA loan to purchase the Property. On August 1, 2023, the Loan transferred to Planet and we service the Loan in accordance with FHA guidelines.

Moreover, since Planet did not originate the Loan, your claims pertaining to the origination of the Loan will need to be addressed with Homestead. Nonetheless, you have provided no evidence to support that the closing documents were altered, or the fees contained in the closing disclosure were inflated.

### REQUESTS FOR ASSISTANCE

#### 2024 - PC 1

In June 2024, the Loan was past due for October 1, 2023. Therefore, on June 6, 2024, the Loan was approved for FHA Partial Claim ("PC") which would 1) transfer the $30,286.64 arrearage to a separate, subordinate Note and Mortgage and 2) bring the Loan current and due for August 1, 2024. ("PC 1")

- On June 21st, the PC 1 documents were sent to you.
- On July 25th, Planet received the executed PC 1 documents from you. However, the documents did not pass a quality control review because the notary date and the date you signed the documents did not match.
- On July 26th, Planet resent the documents to you.
- On August 22nd, because you failed to return the re-executed documents, the PC 1 was denied.

#### 2024- PC 2

In September 2024, the Loan was past due for November 1, 2023. Therefore, on September 18, 2024, the Loan was approved for FHA PC which would 1) transfer the **$36,406.96** arrearage to a separate, subordinate Note and Mortgage and 2) bring the Loan current and due for November 1, 2024. ("PC 2")

321 Research Parkway, Suite 303, Meriden, CT 06450 • Phone (866) 882-8187 • Fax (203) 238-1050
cs@myloansupport.com
NMLS ID# 17022

## EXHIBIT A - SOURCE PAGE 2
**Planet CFPB response page 2**



- On October 2nd, the PC 2 documents were sent to you.
- On October 14th, Planet received the executed PC 2 documents from you.  The documents passed a quality control review.

On October 15th, the $36,406.96 was applied to the Loan, thus bring it current and due for November 1, 2024.  The enclosed Mortgage Loan Statements dated September 17, 2024 and October 16, 2024 support that the Loan was adjusted to reflect the PC 2.

- Principal balance before PC = $323,220.54 (See September 17, 2024 statement)
- Principal balance after PC = $319,871.12

The below details how the $36,406.96 was calculated and applied to the Loan. See "Investor" column.

| Fees Distribution | | | |
|---|---|---|---|
| Description | Amount | Waived | Investor |
| Principal Due (as of effective date) | $3,349.42 | $0.00 | $3,349.42 |
| Interest Due (as of effective date) | $22,519.34 | $0.00 | $22,384.28 |
| Late Charges | $517.38 | $517.38 | $0.00 |
| NSF Fees | $0.00 | $0.00 | $0.00 |
| Foreclosure Fees and Costs | $0.00 | $0.00 | $0.00 |
| Other Fees | $0.00 | $0.00 | $0.00 |
| Escrow Shortage | $3,552.15 | $0.00 | $3,552.15 |
| Escrow Advance | $7,121.11 | $0.00 | $7,121.11 |
| Credit Report | $0.00 | $0.00 | $0.00 |
| Valuations | $0.00 | $0.00 | $0.00 |
| Title/Recording Fees | $0.00 | $0.00 | $0.00 |
| Property Preservation | $0.00 | $0.00 | $0.00 |
| Other Recoverable Advances | $0.00 | $0.00 | $0.00 |
| Total | $37,059.40 | $517.38 | $36,406.96 |

Therefore, contrary to your claim, Planet adjusted the Loan correctly to reflect the PC 2 and your claim stating otherwise is without merit.

Also, please note:

- By signing and returning the PC 2 documents, you agreed that 1) you owed $36,406.96 to the US Department of Housing and Urban Development (HUD) and 2) that HUD secured the $36,406.96 Note with a Mortgage. HUD, not Planet, holds this Mortgage – which is a subordinate lien. This is the nature of the FHA Partial Claim workout option.

- A PC is not a modification nor were you reviewed and/or approved for a modification. You were not offered a trial plan nor required to remit any payments in order to receive the PC 2.

### 2025 – PC 3

On June 3, 2025, the Loan was past due for March 1, 2025. Therefore, Planet sent you the enclosed *Notice of Default and Intent to Accelerate* ("NOD") which advised that if the $12,805.75 arrearage was not received by July 3, 2025, Planet may proceed with foreclosure.

321 Research Parkway, Suite 303, Meriden, CT 06450 • Phone (866) 882-8187 • Fax (203) 238-1050
cs@myloansupport.com
NMLS ID# 17022

**EXHIBIT A - SOURCE PAGE 3**

Planet CFPB response page 3



On June 10, 2025, the Loan was approved for FHA PC which would 1) transfer the $17,810.17 arrearage to a separate, subordinate Note and Mortgage and 2) bring the Loan current and due for September 1, 2025. ("PC 3")

- On July 8th, the PC 3 documents were sent to you.
- On July 31st, you requested the PC 3 be closed and re-opened with a next payment due of January 2026 because you wanted more time to pay off other expenses.

Please note that Planet was not obligated to offer you a PC with a next payment due of January 1, 2025.

**2025 – PC 4**

In August 2025, the Loan was past due for March 1, 2025. Therefore, on September 9, 2025, the Loan was approved for an FHA PC which would 1) transfer the $23,855.36 arrearage to a separate, subordinate Note and Mortgage and 2) bring the Loan current and due for November 1, 2025. ("PC 4")

- On October 1st, the PC 2 documents were sent to you.
- On November 19th, because you had not returned the executed documents, the Loan was removed from loss mitigation.

Since the NOD expired without being cured, on November 26, 2025, the Loan was properly referred for foreclosure. Presently, the Loan is not in queue for loss mitigation review.

**CREDIT REPORTING**

Enclosed is the *Loan Account History* detailing when payments have been received on the Loan. As verified, you have not remitted payments timely and the Loan is presently past due for March 2025. As such, Planet has submitted the below negative reporting to the credit reporting agencies.

| Date | Due Date | Status |
|---|---|---|
| 11/6/2025 | 3/1/2025 | 180+ days past due |
| 10/6/2025 | 3/1/2025 | 180+ days past due |
| 9/8/2025 | 3/1/2025 | 180+ days past due |
| 8/6/2025 | 3/1/2025 | 150+ days past due |
| 7/7/2025 | 3/1/2025 | 120+ days past due |
| 6/12/2025 | 3/1/2025 | 90+ days past due |
| 5/6/2025 | 3/1/2025 | 30+ days past due |
| 4/7/2025 | 3/1/2025 | 30+ days past due |
| 10/8/2024 | 11/1/2023 | 180+ days past due |
| 9/6/2024 | 11/1/2023 | 180+ days past due |
| 8/6/2024 | 11/1/2023 | 180+ days past due |
| 7/8/2024 | 11/1/2023 | 180+ days past due |
| 6/6/2024 | 10/1/2023 | 180+ days past due |
| 2/8/2024 | 10/1/2023 | 120+ days past due |
| 1/8/2024 | 10/1/2023 | 90+ days past due |
| 12/6/2023 | 10/1/2023 | 60+ days past due |
| 11/6/2023 | 10/1/2023 | 30+ days past due |

321 Research Parkway, Suite 303, Meriden, CT 06450 • Phone (866) 882-8187 • Fax (203) 238-1050
cs@myloansupport.com
NMLS ID# 17022

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT A - SOURCE PAGE 4

**Planet CFPB response page 4**



The FCRA requires Planet to report accurate information regarding the Loan to the CRAs. If you have evidence that these payments were received timely and/or misapplied, please forward to Planet so we may investigate. Until then, our investigation has determined that we have provided accurate information to the CRAs and thus, no adjustments can be made.

Also, please note:

- The balance noted in your credit report is not just the current unpaid principal balance, but also includes any past due amounts owed, such interest, late charges, etc. All amounts reported are lawful and contractually owed by you.

- Nothing in the Note or the FCRA precludes Planet from reporting the Loan's true contractual status while it is in review for loss mitigation. Therefore, your claim of dual tracking is without merit.

### ESCROW ACCOUNT

Enclosed are the escrow analyses Planet has performed on the Loan since August 2023. None indicate a $3,300.00 shortage. Please note that Planet disburses the amounts reported due by your insurance provider and tax authority.

- We understand that in October 2024, your insurance provider reduced your premium to $956.00 – which was after Planet disbursed $1,455.00 on May 10, 2024 and performed the September 2024 analysis.

- However, on April 3, 2025, Planet was notified that the premium for the 2025/2026 policy was $1,398.00 and Planet disbursed for that amount on May 12, 2025.

Enclosed are copies of the EDI Insurance Notices supporting the disbursements.

\* \* \*

Based on the foregoing, Planet has serviced the Loan in accordance with state and federal laws and regulations, as well as within FHA guidelines. Should you have any further questions, please contact our Customer Service Department at 1-866-882-8187. Our representatives are available Monday through Friday, 8:30AM to 9:00PM EST.

Regards,

CORPORATE LEGAL DEPARTMENT
Planet Home Lending, LLC

321 Research Parkway, Suite 303, Meriden, CT 06450 • Phone (866) 882-8187 • Fax (203) 238-1050
cs@myloansupport.com
NMLS ID# 17022

# EXHIBIT B

## HOMESTEAD CFPB RESPONSE - ORIGINAL NOTE / RECORD CUSTODY

| Document | Homestead Funding Corp. CFPB response dated May 20, 2026 |
|---|---|
| Core Facts | Homestead produced loan file materials by encrypted device but stated certain records may be held by servicers/custodians/investors; Homestead does not possess the original Note. |

### Explanation of Relevance

- Separates origination records from note custody and enforcement authority.
- Supports demand that Planet identify who has the original Note, endorsements/allonges, and custody records.

### Federal Harms / Federal Use

- RESPA/Reg X: supports information request for custodian/servicer/investor records.
- TILA/Reg Z: supports preservation of disclosure and transaction record issues.

### State Harms / State Use

- Conn. Gen. Stat. § 49-17: supports strict proof of enforcement authority.
- Equitable foreclosure: supports evidentiary hearing before judgment or title-clouding relief.



**HOMESTEAD FUNDING CORP.**
8 Airline Drive • Albany, NY 12205
Office (518) 464-1100 • Fax (518) 464-1141

May 20, 2026

Ms. Anwar Abu-Shayed
23 Green Hills Circle
Waterbury, CT  06708

RE:     CFPB Complaint 260512-32564637

Dear Ms. Abu-Shayed:

This letter is in response to the above-mentioned complaint submitted to the Consumer Financial Protection Bureau.

Enclosed please find an encrypted thumb drive containing copies of the loan documentation and records maintained in our file that are responsive to your request. Due to the volume of documents produced and to help protect non-public personal information, the records have been provided electronically on the enclosed encrypted device. Please contact me at (518)300-1515 or via email at jborbee@homesteadfunding.com  or Jeanne Sim at 518-951-3519, email  jsim@homesteadfunding.com for the password to access the thumb drive.

Please note that the enclosed materials consist of documents and records maintained within our file. Certain records requested may not be in our possession, custody, or control and may instead be maintained by prior or current servicers, custodians, investors, etc., as an example, we do not possess the original Note, and we would recommend contacting your current servicer.

Thank you,

*Jane A. Borbee*
Jane A. Borbee
Senior Vice President of Operations
Homestead Funding Corp.

/JAB
Enclosure
Cc: CFPB Portal

NMLS #3232 (www.nmlsconsumeraccess.org) EQUAL HOUSING LENDER
Please visit https://homesteadfunding.com for company licensing information.

# NOTICE OF TILA RESCISSION, DISPUTE OF ENFORCEMENT AUTHORITY, AND DEMAND FOR STATUTORY COMPLIANCE

**Date: May 25, 2026**

**Via Certified Mail - Return Receipt Requested**

**TO:**

Planet Home Lending, LLC

Attn: Legal Department / Foreclosure Review / Loss Mitigation

321 Research Parkway, Suite 303

Meriden, CT 06450

**Also directed to any claimed creditor, assignee, holder, owner, investor, trustee, foreclosure counsel, or agent acting through Planet Home Lending, LLC.**

| Field | Record-specific information |
|---|---|
| **Borrowers** | Anwar Abu-Shayed and Patricio Olmedo |
| **Property** | 23 Green Hills Circle, Waterbury, Connecticut 06708 |
| **Loan Number** | 9102363637 |
| **FHA Case Number** | 061-6155385 |
| **MIN** | 1003172-1000324495-2 |
| **Note / Loan Date** | June 9, 2023 |
| **Originating Lender** | Homestead Funding Corp. |
| **Servicer Identified in MERS** | Planet Home Lending LLC |
| **MERS Status** | Inactive |
| **Investor / Owner / Assignee Identified by Planet** | GINNIEMAE II |
| **HUD Partial Claim Mortgage** | Dated September 27, 2024; recorded October 25, 2024; principal sum $36,406.96 |

## I. FORMAL NOTICE OF RESCISSION

Anwar Abu-Shayed and Patricio Olmedo hereby serve written notice that they exercise, assert, and preserve their federal right of rescission under the Truth in Lending Act, 15 U.S.C. § 1635, and Regulation Z, including 12 C.F.R. § 1026.23 and the corresponding rescission provisions reflected in 12 C.F.R. § 226.23. This notice is being mailed before midnight on June 9, 2026, the three-year anniversary of the June 9, 2023 note/loan date.

This notice is timely because Regulation Z provides that rescission notice is considered given when mailed. Regulation Z further provides that if required notices or material disclosures were not delivered, the rescission period expires three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

Borrowers assert that Planet Home Lending, LLC and any claimed creditor, assignee, owner, holder, investor, trustee, or foreclosure agent must treat this notice as a formal rescission notice and must respond within the time required by TILA and Regulation Z.

## II. SPECIFIC RECORD BASIS FOR THIS NOTICE

1. Planet Home Lending, LLC was not the originating lender. The loan was signed with Homestead Funding Corp. on June 9, 2023.
2. Planet's own CFPB response states that Homestead originated the $324,000 FHA loan on June 9, 2023 and that servicing transferred to Planet on August 1, 2023.
3. MERS ServicerID identifies MIN 1003172-1000324495-2, Note Date June 9, 2023, Servicer Planet Home Lending LLC, and MIN Status "**Inactive.**"
4. The MERS record does not identify Planet as originating lender, creditor, mortgagee, owner, holder, noteholder, assignee, or party entitled to foreclose.
5. Planet's loss-mitigation denial identifies "Owner of Loan/Assignee" as "GINNIEMAE II," not Planet.

6. Planet prepared and recorded a HUD partial claim mortgage dated September 27, 2024 and recorded October 25, 2024, securing $36,406.96 in favor of the Secretary of Housing and Urban Development.

7. Planet's January 20, 2026 CFPB response states that the $36,406.96 partial claim was applied on October 15, 2024 and brought the loan current and due for November 1, 2024.

8. Experian's February 27, 2026 reinvestigation results state that the Planet Home Lending FHA mortgage tradeline was removed from the credit report after dispute; before removal, Experian reported Planet's tradeline with a $340,076 balance, original balance $324,022, and severe delinquency history.

## III. EFFECT OF RESCISSION AND 20-DAY DEMAND

Borrowers assert that, upon rescission, Regulation Z states that the security interest giving rise to the right of rescission becomes void and that the consumer is not liable for any amount, including any finance charge. Regulation Z further requires the creditor, within 20 calendar days after receipt of a rescission notice, to return money or property given in connection with the transaction and to take action necessary to reflect termination of the security interest.

Borrowers therefore demand that Planet and any claimed creditor, assignee, owner, holder, investor, trustee, or foreclosure agent do the following within 20 calendar days after receipt of this notice:

9. Acknowledge receipt of this rescission notice in writing.

10. Identify the exact legal entity that claims creditor, owner, holder, assignee, mortgagee, investor, or enforcement status.

11. Produce the original note, allonges, endorsement history, note-custody records, assignment chain, mortgage-transfer records, FHA endorsement/insurance records, Ginnie Mae pooling/owner/assignee records, and servicing-transfer authority.

12. Identify the legal authority by which Planet, as a non-originating servicer and non-bank mortgage entity, claims authority to prosecute foreclosure, maintain lis pendens activity, furnish credit data, administer HUD partial-claim documents, and enforce title rights against the borrowers.

13. Provide a full post-partial-claim accounting showing the effect of the $36,406.96 HUD partial claim applied on October 15, 2024, including all escrow, suspense, fees, corporate advances, interest, late charges, and alleged arrears after November 1, 2024.

14. Take all action required by TILA and Regulation Z to reflect termination of any security interest subject to rescission, or state with particularity each legal and factual basis for refusing to honor the rescission notice.

## IV. DISPUTE OF PLANET'S FORECLOSURE STANDING AND LIS PENDENS AUTHORITY

Borrowers do not concede that Planet Home Lending, LLC has standing to foreclose. Planet's status as servicer does not, by itself, prove Connecticut foreclosure standing, ownership of the debt, holder status, assignment status, mortgagee status, agency authority, or authority to cloud title through lis pendens activity.

Because the MERS record is inactive and identifies Planet only as servicer, Planet must produce an independent perfected enforcement record proving:

15. who owned the debt when foreclosure was commenced;

16. who held the original note when foreclosure was commenced;

17. who possessed the legal authority to enforce the mortgage when foreclosure was commenced;

18. whether GINNIEMAE II, HUD, Homestead Funding Corp., Planet, or another entity held the relevant enforcement rights at each stage;

19. what written instrument authorized Planet to foreclose in its own name or through counsel; and

20. whether Planet had authority to record or maintain any lis pendens against borrowers' property before proving perfected enforcement authority.

A servicer ledger, mortgage statement, loss-mitigation screen, or investor-guideline assertion is not the same thing as perfected ownership of the debt, holder status, legal title, or Connecticut foreclosure authority.

## V. CREDIT REPORTING AND EVIDENTIARY PRESERVATION

Experian removed Planet Home Lending's FHA mortgage tradeline after reinvestigation. Borrowers do not claim that Experian's deletion alone adjudicates rescission or title. Borrowers do assert that the deletion is material evidence that the loan's furnished balance, delinquency history, account status, and verification record are disputed and cannot be treated as reliable proof of default, amount due, or foreclosure authority without competent supporting records.

Borrowers demand preservation of all credit furnishing data, Metro 2 records, dispute responses, ACDV records, payment histories, loss-mitigation notes, call logs, escrow analyses, mortgage statements, HUD partial-claim documents, note-custody records, allonges, assignments, investor communications, foreclosure referral documents, and mediation communications relating to this loan.

## VI. MEDIATION POSITION STATEMENT

Borrowers will state the following position in foreclosure mediation:

*As of the mailing date of this notice, Anwar Abu-Shayed and Patricio Olmedo have timely exercised and preserved their federal rescission rights under TILA and Regulation Z. The loan was signed with Homestead Funding Corp. on June 9, 2023; Planet Home Lending did not originate the loan and began servicing on August 1, 2023. MERS identifies Planet only as servicer and shows the MIN as **inactive**. Planet separately identified GINNIEMAE II as owner/assignee. Experian removed the Planet FHA mortgage tradeline after reinvestigation. Planet cannot proceed in mediation or foreclosure as if lien validity, standing, accounting, credit reporting, FHA/HUD status, and enforcement authority are undisputed. The mediation must address how Planet intends to verify its enforcement authority, reconcile the $36,406.96 HUD partial claim, correct the post-partial-claim accounting, and respond to the timely rescission notice before foreclosure proceeds further.*

## VII. RESERVATION OF RIGHTS

Borrowers reserve all rights, claims, defenses, counterclaims, statutory remedies, equitable remedies, declaratory remedies, injunctive remedies, title defenses, accounting objections, credit-reporting claims, foreclosure defenses, mediation sanctions requests, CFPB supplemental claims, and federal claims. Nothing in this notice concedes default, amount due, standing, lien validity, title validity, ownership of the debt, holder status, FHA endorsement status, Ginnie Mae status, HUD authority, or Planet's authority to foreclose.

Borrowers specifically reserve the right to present this notice and the supporting records in the Connecticut foreclosure action, the federal action, CFPB proceedings, credit reporting disputes, foreclosure mediation, and any related proceeding.

Govern yourselves accordingly.

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed, Borrower, Pro Se
23 Green Hills Circle, Waterbury, CT 06708

/s/ Patricio Olmedo
Patricio Olmedo, Co-Borrower, Pro Se
23 Green Hills Circle, Waterbury, CT 06708

## CERTIFICATE OF CERTIFIED MAILING AND SERVICE

I certify that on May 26, 2026, I mailed the foregoing Notice of TILA Rescission, Dispute of Enforcement Authority, and Demand for Statutory Compliance by Certified Mail, Return Receipt Requested, to:

Planet Home Lending, LLC
Attn: Legal Department / Foreclosure Review / Loss Mitigation
321 Research Parkway, Suite 303
Meriden, CT 06450
Certified Mail Tracking No.: Exhibit A

Return Receipt / USPS Proof of Delivery to be attached as Exhibit A.

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed

/s/ Patricio Olmedo
Patricio Olmedo

## PROPOSED EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| Exhibit A | Certified Mail receipt, green card, USPS tracking printout, and signed rescission notice. |
| Exhibit B | MERS ServicerID record showing MIN 1003172-1000324495-2, Note Date 06/09/2023, Planet as Servicer, and MIN Status Inactive. |
| Exhibit C | Planet CFPB response dated January 20, 2026 stating Homestead originated the loan and servicing transferred to Planet on August 1, 2023. |
| Exhibit D | Planet loss-mitigation denial identifying Owner of Loan/Assignee as GINNIEMAE II. |
| Exhibit E | HUD partial claim mortgage dated September 27, 2024 and recorded October 25, 2024 in the amount of $36,406.96. |
| Exhibit F | Experian reinvestigation results dated February 27, 2026 deleting Planet Home Lending FHA mortgage tradeline after dispute. |
| Exhibit G | May 14, 2026 Planet mortgage statement showing amount due to reinstate $50,349.27, overdue payments $44,734.14, fees/charges $5,615.13, escrow balance -$7,585.48, loan due date 03/01/2025, and delinquency notice stating 439 days delinquent. |
| Exhibit H | Connecticut declaratory judgment mortgage memorandum regarding the need to separate post-partial-claim accounting, enforcement authority, title/lien status, and foreclosure relief. |

# EXHIBIT C

## MERS SERVICERID - INACTIVE MIN

| Document | MERS ServicerID result for MIN 1003172-1000324495-2 |
|---|---|
| Core Facts | MERS lists MIN status Inactive; Note Date 06/09/2023; Servicer Planet Home Lending LLC; City Meriden; State CT. |

## Explanation of Relevance

- Shows MERS does not publicly identify Planet as owner, holder, lender, noteholder, creditor, investor, or mortgagee.
- Supports strict-proof request for note custody, assignment chain, investor authority, and agency authority.

## Federal Harms / Federal Use

- RESPA/RFI relevance to servicer, owner, transfer, and authority records.
- FCRA/TILA context for identity and verification concerns.

## State Harms / State Use

- Conn. Gen. Stat. §§ 49-17, 52-29, 52-325b: supports standing, declaratory relief, and lis pendens challenge.

## EXHIBIT C - SOURCE PAGE 1
### MERS ServicerID result



Need Help ⑦

## Search Results

1 record matched your search.

### 1003172-1000324495-2

| | |
|---|---|
| MIN Status | Inactive |
| Note Date | 06/09/2023 |
| Servicer | PLANET HOME LENDING LLC |
| Phone | (203) 265-5090 |
| City | Meriden |
| State | CT |

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org

© 2026 MERSCORP Holdings, Inc. All rights reserved.

# EXHIBIT D

## GINNIEMAE II / GNMA OWNER-ASSIGNEE AND INVESTOR REFERENCES

| Document | Planet loss-mitigation denial package and PHL pre-mediation packet |
|---|---|
| Core Facts | Planet records identify Owner of Loan/Assignee as GINNIEMAE II and internal account history lists Investor Type GNMA / Investor # 546. |

### Explanation of Relevance

- Shows Planet's own records distinguish servicer from investor/owner/assignee.
- Supports notice to Ginnie Mae and demand for power of attorney, servicing agreement, investor instructions, pooling/custody records, and agency authority.

### Federal Harms / Federal Use

- Reg X loss-mitigation: relevant to investor guidelines and authority for options.
- RESPA RFI: supports owner/assignee/servicer authority requests.

### State Harms / State Use

- Standing/agency: court should not collapse servicer, owner, holder, and plaintiff into one category.
- Mediation: requires person with familiarity and authority to respond.

## EXHIBIT D - SOURCE PAGE 1

### Loss mitigation denial page showing GINNIEMAE II



321 Research Parkway, Suite 303
Meriden, CT 06450

ANWAR ABU-SHAYED
PATRICIO OLMEDO
23 GREEN HILLS CIRCLE
WATERBURY, CT 06708

BTB

BB525

9102363637

08/23/2024

SIMPLEX-R

Regular Mail

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT D - SOURCE PAGE 2

PHL account history showing Investor Type GNMA / Investor # 546

### Account History: 9102363637 [ Account Data Views:571 ]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower: | ABU-SHAYED,ANWAR | Address: | 23 GREEN HILLS CIRCLE | Prin Bal: | $318,701.66 | Investor Type: | GNMA |
| Co-Borrower Name: | OLMEDO,PATRICIO | City: | WATERBURY | Add Prin Bal: | $0.00 (P) | Investor #: | 546 |
| Due Date: | 03/01/2025 | State: | CT | Account Type: | First Mortgage - FHA Residential | Investor Account #: | 0234010944 |
| Last Pmt Appd On: | 05/02/2025 | Zip Code: | 06708 | Total Pmt Amt: | $2,981.15 | PLS Client ID: | |

### Request Criteria: Type = All, Date Range = From 01/30/2025 To 01/30/2026

Row Count = 60

| Transaction Description | Applied Dt | Due Date | Payment | Principal Applied | Interest Applied | Escrow Applied | Esc Bal | Adv Bal | Suspense Applied | Corp Adv Applied | L/C Amt Applied | Fee Amt Applied | Fee Cd |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Late Charge Assessed | 01/20/2026 | 03/01/2025 | | | | | | $7,017.04 | | | -$86.23 | | |
| Escrow Advance | 01/12/2026 | 03/01/2025 | $3,415.63 | | | $3,415.63 | | $7,017.04 | | | | | |
| City Tax Disbursement | 01/12/2026 | 01/01/2026 | -$3,415.63 | | | -$3,415.63 | -$3,415.63 | $3,601.41 | | | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $360.00 | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $560.52 | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $225.00 | | | |
| Property Pres Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $30.00 | | | |
| Attorney Corp Advance | 01/07/2026 | | | | | | | $3,601.41 | | $2,625.00 | | | |
| Escrow Advance | 01/05/2026 | 03/01/2025 | $142.11 | | | $142.11 | | $3,601.41 | | | | | |
| Mortgage Ins Disb | 01/05/2026 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,459.30 | | | | | |
| Escrow Advance Repymt | 01/02/2026 | 03/01/2025 | | | | | | $3,459.30 | | | | | |
| Escrow Advance Repymt | 01/02/2026 | 03/01/2025 | | | | -$5.57 | | $3,459.30 | | | | | |
| Interest on Escrow Deposit | 12/31/2025 | 03/01/2025 | $5.57 | | | $5.57 | $5.57 | $3,464.87 | | | | | |
| Property Pres Corp Adv | 12/19/2025 | | | | | | | $3,464.87 | | $195.00 | | | |
| Property Pres Corp Adv | 12/03/2025 | | | | | | | $3,464.87 | | $30.00 | | | |
| Escrow Advance | 12/02/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,464.87 | | | | | |
| Mortgage Ins Disb | 12/02/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,322.76 | | | | | |
| Escrow Advance | 11/04/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,322.76 | | | | | |
| Mortgage Ins Disb | 11/04/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,180.65 | | | | | |
| Misc Default Exp Corp Adv | 10/17/2025 | | | | | | | $3,180.65 | | $35.00 | | | |
| Misc Default Exp Corp Adv | 10/09/2025 | | | | | | | $3,180.65 | | $25.00 | | | |
| Escrow Advance | 10/02/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,180.65 | | | | | |
| Mortgage Ins Disb | 10/02/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,038.54 | | | | | |
| Attorney Corp Advance | 09/08/2025 | | | | | | | $3,038.54 | | $250.00 | | | |
| Escrow Advance | 09/03/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,038.54 | | | | | |
| Mortgage Ins Disb | 09/03/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $2,896.43 | | | | | |
| Property Pres Corp Adv | 08/19/2025 | | | | | | | $2,896.43 | | $30.00 | | | |
| Late Charge Assessed | 08/18/2025 | 03/01/2025 | | | | | | $2,896.43 | | | -$86.23 | | |
| Escrow Advance | 08/04/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $2,896.43 | | | | | |
| Mortgage Ins Disb | 08/04/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $2,754.32 | | | | | |
| Misc Default Exp Corp Adv | 07/24/2025 | | | | | | | $2,754.32 | | $35.00 | | | |
| Misc Default Exp Corp Adv | 07/23/2025 | | | | | | | $2,754.32 | | $25.00 | | | |
| Escrow Advance | 07/22/2025 | 03/01/2025 | $2,754.32 | | | $2,754.32 | | $2,754.32 | | | | | |
| City Tax Disbursement | 07/22/2025 | 07/01/2025 | -$3,415.63 | | | -$3,415.63 | -$2,754.32 | | | | | | |
| Misc Default Exp Corp Adv | 07/10/2025 | | | | | | | $661.31 | | $16.00 | | | |
| Mortgage Ins Disb | 07/02/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | | $661.31 | | | | | |
| Mortgage Ins Disb | 06/03/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | | $805.06 | | | | | |
| Bad Check Reversal | 05/28/2025 | 03/01/2025 | | | | | | $948.81 | | -$2,000.00 | | | |
| Late Charge Assessed | 05/19/2025 | 03/01/2025 | | | | | | $948.81 | | | -$86.23 | | |
| Modified Payment | 05/15/2025 | 03/01/2025 | $2,000.00 | | | | | $948.81 | | $2,000.00 | | | |
| Bad Check Reversal | 05/15/2025 | 03/01/2025 | | | | | | $948.81 | | -$2,000.00 | | | |
| Bad Check Reversal | 05/14/2025 | 03/01/2025 | | -$296.64 | -$1,859.09 | -$625.42 | | $948.81 | | | | | |
| Hazard Ins Disbursement | 05/12/2025 | 06/01/2025 | -$1,348.00 | | | -$1,348.00 | | $1,774.23 | | | | | |
| Modified Payment | 05/05/2025 | 04/01/2025 | $2,000.00 | | | | | $3,172.23 | | $2,000.00 | | | |
| Mortgage Ins Disb | 05/02/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | | $3,172.23 | | | | | |

Page 1 of 2                                    Generated: 01/30/2026 2:42:54 PM

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

# EXHIBIT E

## HUD PARTIAL CLAIM MORTGAGE AND NOTE - $36,406.96 SUBORDINATE LIEN

| Document | HUD Partial Claim Mortgage dated September 27, 2024; recorded October 25, 2024 |
|---|---|
| Core Facts | Subordinate mortgage to HUD/Secretary for $36,406.96; property 23 Green Hills Circle; borrowers joint tenants with right of survivorship. |

### Explanation of Relevance

- Shows a separate federal subordinate lien and the cure mechanism Planet says brought the first mortgage current for November 1, 2024.
- Requires reconciliation of later delinquency, interest, fees, escrow, credit reporting, and foreclosure referral.

### Federal Harms / Federal Use

- HUD/FHA, RESPA/Reg X, periodic statement, escrow accounting, loss mitigation, and TILA recoupment/setoff context.

### State Harms / State Use

- Declaratory judgment: effect of partial claim, post-cure debt baseline, title/lien status.
- Equitable foreclosure accounting: no judgment should rest on unreconciled post-cure ledger.

## EXHIBIT E - SOURCE PAGE 1

### HUD Partial Claim Mortgage page 1

*9102363637*
*Abu-Shayed*

This Document Prepared By:
**RAVITEJA BOGELA**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**
**(855) 884-2250**
**NMLS# 17022**

When Recorded Mail To:
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**

Tax/Parcel #:  WATE M:0174 B:0729 L:0009

_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Receipt # 488991 | **VOL 8951 PG 248** |
| | 10/25/2024 01:13:14 PM |
| | 5 Pages |
| Instr # 2024-11500 | MORTGAGE DEED |
| Antoinette C Spinelli, Waterbury Town Clerk | Clerk:CJ |

FHA Case No.:  061-6155385
Loan No: 9102363637

## PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **SEPTEMBER 27, 2024**. The mortgagor is **ANWAR ABU-SHAYED AND PATRICIO OLMEDO, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP.** ("Borrower"), whose address is **23 GREEN HILLS CIRCLE, WATERBURY, CONNECTICUT 06708**. This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **THIRTY-SIX THOUSAND FOUR HUNDRED SIX DOLLARS AND 96 CENTS (U.S. $36,406.96)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **JULY 1, 2053**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the  **TOWN OF WATERBURY**, State of **CONNECTICUT**:

which has the address of , **23 GREEN HILLS CIRCLE, WATERBURY, CONNECTICUT 06708** (herein "Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Partial Claims Agreement 09232024_105

Page 1

*9102363637*

BK: 8951  PG: 248

Recieved by ISN 11152024

## EXHIBIT E - SOURCE PAGE 2

### Signature/acknowledgment page

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower ANWAR ABU-SHAYED

10/8/24
Date

Borrower PATRICIO OLMEDO

10/08/24
Date

Geysa Maldonado
1st Witness

S Court
2nd Witness

Geysa Maldonado
1st Witness

Sylvia Cartagena
2nd Witness

_____ [Space Below This Line for Acknowledgments] _____

Acknowledgment for Individual

State of CONNECTICUT

County of New Haven

On this the 8 day of october, 20 24, before me, Gladys Roche (name of notary), personally appeared **ANWAR ABU-SHAYED; PATRICIO OLMEDO**, known to me (or satisfactorily proven) to be the person(s) whose name(s) (is or are) subscribed to the within instrument and acknowledged that (he/she/they) executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand.

Gladys Roche
Notary Public (signature)

Notary Printed Name Gladys Roche
My Commission Expires: 6/30/2029
SNPC 0154647

Partial Claims Agreement 09232024_105

Page 4

9102363637

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT E - SOURCE PAGE 3

Legal description page

### EXHIBIT A

BORROWER(S): ANWAR ABU-SHAYED AND PATRICIO OLMEDO, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP.

LOAN NUMBER: 9102363637

LEGAL DESCRIPTION:

The land referred to in this document is situated in the CITY OF WATERBURY, COUNTY OF NEW HAVEN, STATE OF CONNECTICUT, and described as follows:

ALL THAT CERTAIN PIECE OR PARCEL OF LAND, WITH ALL THE IMPROVEMENTS THEREON, SITUATED ON THE NORTHWESTERLY SIDE OF GREENHILLS CIRCLE, SO-CALLED, BOUNDED AND DESCRIBED AS FOLLOWS, VIZ:

BEING SHOWN AS LOT NUMBER 51 ON MAP ENTITLED ?REVISED MAP OF SECTION THREE, HICKORY HILL ACRES, WATERBURY, CONN. BELONGING TO NORA M. CASTELANO,? THE A.J. PATTON CO., SURVEYOR, ON FILE IN THE WATERBURY TOWN CLERK?S OFFICE IN MAP BOOK 41, PAGE 88, BOUNDED:

NORTHERLY - 199.07 FEET ON LOTS NOS. 18 AND 16, SECTION ONE, AS SHOWN ON SAID MAP;

EASTERLY - 118.03 FEET ON LOT NUBER 50 AS SHOWN ON SAID MAP;

SOUTHEASTERLY - 53.76 FEET ON THE TURNING CIRCLE OF GREENHILLS CIRCLE, SO-CALLED, AS SHOWN ON SAID MAP;

SOUTHERLY - 129.17 FEET ON LOT NUMBER 49 AS SHOWN ON SAID MAP;

WESTERLY - 47.09 FEET ON LAND NOW OR FORMERLY OF NORA M. CASTELANO.

ALSO KNOWN AS: 23 GREEN HILLS CIRCLE, WATERBURY, CONNECTICUT 06708

Partial Claims Agreement 09232024_105

Page 5

9102363637

BK: 8951 PG: 252

Recieved by ISN 11152024

# EXHIBIT F

## COMPLETE LOSS-MITIGATION APPLICATION ACKNOWLEDGMENT

| Document | Planet letter dated January 10, 2024 |
|---|---|
| Core Facts | Planet acknowledged receipt of complete application for home assistance programs and stated foreclosure protections applied while evaluation was pending. |

### Explanation of Relevance

- Shows Planet treated the file as a regulated loss-mitigation file.
- Supports dual-tracking and foreclosure-protection analysis.

### Federal Harms / Federal Use

- Reg X 12 C.F.R. § 1024.41 complete-application protections.
- RESPA § 2605 servicing obligations.

### State Harms / State Use

- Conn. foreclosure mediation objectives and good-faith duty; supports extension/accounting/sanctions theory.

## EXHIBIT F - SOURCE PAGE 1

### January 10, 2024 complete-application acknowledgement page 1



321 Research Parkway, Suite 303
Meriden, CT 06450

ANWAR ABU-SHAYED
PATRICIO OLMEDO
23 GREEN HILLS CIRCLE
WATERBURY, CT 06708

BTB

BB520

9102363637

01/10/2024

SIMPLEX-R

Regular Mail

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT F - SOURCE PAGE 2

### Complete-application acknowledgement page 2



01/10/2024

ANWAR ABU-SHAYED
PATRICIO OLMEDO
23 GREEN HILLS CIRCLE
WATERBURY, CT  06708

Loan #:    9102363637
Property:  23  GREEN HILLS CIRCLE
           WATERBURY, CT  06708

For homeowners who require any translation assistance or Language Access Services, please contact us at 866-882-8187.  A translation of this letter into a language other than English may be obtained. *Si necesita asistencia con la traducción o servicios de acceso al idioma, llámenos al 866-882-8187. Se puede obtener una traducción de esta carta.*

**RE: Receipt of your Application for Home Assistance Programs**

Dear ANWAR ABU-SHAYED and PATRICIO OLMEDO,

As your mortgage loan servicer at Planet Home Lending LLC ("Planet"), we are pleased to inform you that we have received your complete application for loss mitigation assistance on 01/10/2024.   We would like to thank you for your interest in our Home Assistance Program. Based upon our preliminary review, all of the required documentation has been received.

Also, please note that your request will be reviewed for all available Home Assistance Programs in accordance with the guidelines of the holder of your mortgage. We expect that an eligibility decision will be reached within 30 days from the date we received your complete application.

While your complete application is pending further evaluation, you are entitled to certain foreclosure protections because we have received your complete application for assistance. Planet cannot make the first notice or filing required to commence or initiate the foreclosure process under applicable law before evaluating your complete assistance application.

We may reach out to you at a later date for additional information needed to evaluate the application. If this occurs, we will provide you with a reasonable opportunity to submit additional information, however, please note the evaluation process may take longer.

It is important to understand that if additional items are requested, foreclosure protections could end if we do not receive the information timely or as requested.  You may also be entitled to additional foreclosure protections under state or federal Law.

Planet Home Lending, LLC Hours of Operation: Monday - Friday 8:30 a.m. – 9:00 p.m. Eastern Time
321 Research Parkway, Suite 303, Meriden, CT 06450 • Phone (855) 884-2250 • Fax (813) 364-1830
BB520   V11
mitigation@planethomelending.com
NMLS ID# 17022

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

# EXHIBIT G

## PHL PRE-MEDIATION PACKET - NAOMI YOUNG, ACCOUNT HISTORY, PAYOFF, FEES

| Document | PHL packet transmitted by Halloran Sage dated February 2, 2026 |
|---|---|
| Core Facts | Naomi Young identified as mediation contact; packet includes account history, reinstatement quote, payoff calculation, internal MSP notes, attorney fee/cost statement. |

### Explanation of Relevance

- Shows Planet's designated mediation contact and internal servicing/accounting system data.
- Shows payoff/reinstatement numbers, escrow advances, attorney fees, loss-mitigation status, and active foreclosure flags.

### Federal Harms / Federal Use

- RESPA/Reg X accounting and RFI/NOE issues; FCRA furnished-balance baseline issues.

### State Harms / State Use

- Conn. Gen. Stat. §§ 49-31k-n mediation duties; sanctions/accounting; ability-to-mediate; fee/interest tolling.

## EXHIBIT G - SOURCE PAGE 1

Pre-mediation checklist identifying Naomi Young

PLANET HOME LENDING, LLC v. ANWAR ABU-SHAYED, ET AL
UWY-CV-26-6092112-S

**PRE-MEDIATION INFORMATION CHECKLIST:**

X    1. An account history identifying all credits and debits assessed to the loan account and any related escrow account in the immediately preceding 12 month period;

X    2. An itemized statement of the amount required to reinstate the mortgage loan with accompanying information, written in plain language, to explain any codes used in the history and statement that are not otherwise self-explanatory;

X    3. The name, business mailing address, email, fax number and direct telephone number of an individual able to respond with responsible adequacy and promptness to questions relative to the information submitted to the mediator pursuant to this section. Any subsequent updates to contact information should be given to the mediator via email reasonably promptly:

Name:      **Naomi Young**
Email:      **nyoung@planethomelending.com**
Telephone: **210-714-0986**

X    4. All reasonably necessary forms and a list of all documentation reasonably necessary for the mortgagee to evaluate the mortgagor for common alternatives to foreclosure that are available through the mortgagee, if any;

X    5. A copy of the note and mortgage;

N/A    6. A summary of information regarding the status of any pending foreclosure avoidance efforts being undertaken by the mortgagee:

N/A    7. A copy of any prior modification(s) entered into:

N/A    8. History of foreclosure avoidance efforts voluntarily undertaken by the mortgagee with respect to mortgagor;

X    9. If the mortgage is a federally backed loan, the history of the mortgagee's compliance with any obligation to notify the mortgagor of loss mitigation or foreclosure alternative options available for federally backed mortgage loans.

N/A    10. At the mortgagee's option:
    a.    History of foreclosure avoidance efforts with respect to mortgagor;
    b.    Information regarding condition of mortgaged property;
    c.    Such other information as mortgagee may determine is relevant to meeting the objectives of the foreclosure mediation program

10167853.v1

## EXHIBIT G - SOURCE PAGE 2

### Account history with GNMA investor and transaction data

**Account History: 9102363637 [ Account Data Views:571 ]**

| Borrower: | ABU-SHAYED,ANWAR | Address: | 23 GREEN HILLS CIRCLE | Prin Bal: | $318,701.66 | Investor Type: | GNMA |
|---|---|---|---|---|---|---|---|
| Co-Borrower Name: | OLMEDO,PATRICIO | City: | WATERBURY | Add Prin Bal: | $0.00 (P) | Investor #: | 546 |
| Due Date: | 03/01/2025 | State: | CT | Account Type: | First Mortgage - FHA Residential | Investor Account #: | 0234010944 |
| Last Pmt Appd On: | 05/02/2025 | Zip Code: | 06708 | Total Pmt Amt: | $2,981.15 | PLS Client ID: | |

**Request Criteria: Type = All, Date Range = From 01/30/2025 To 01/30/2026**

Row Count = 60

| Transaction Description | Applied Dt | Due Date | Payment | Principal Applied | Interest Applied | Escrow Applied | Esc Bal | Adv Bal | Suspense Applied | Corp Adv Applied | L/C Amt Applied | Fee Amt Applied | Fee Cd |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Late Charge Assessed | 01/20/2026 | 03/01/2025 | | | | | | $7,017.04 | | | -$86.23 | | |
| Escrow Advance | 01/12/2026 | 03/01/2025 | $3,415.63 | | | $3,415.63 | | $7,017.04 | | | | | |
| City Tax Disbursement | 01/12/2026 | 01/01/2026 | -$3,415.63 | | | -$3,415.63 | -$3,415.63 | $3,601.41 | | | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $360.00 | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $560.52 | | | |
| Statutory Exp Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $225.00 | | | |
| Property Pres Corp Adv | 01/07/2026 | | | | | | | $3,601.41 | | $30.00 | | | |
| Attorney Corp Advance | 01/07/2026 | | | | | | | $3,601.41 | | $2,625.00 | | | |
| Escrow Advance | 01/05/2026 | 03/01/2025 | $142.11 | | | $142.11 | | $3,601.41 | | | | | |
| Mortgage Ins Disb | 01/05/2026 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,459.30 | | | | | |
| Escrow Advance Repymt | 01/02/2026 | 03/01/2025 | | | | | | $3,459.30 | | | | | |
| Escrow Advance Repymt | 01/02/2026 | 03/01/2025 | | | | -$5.57 | | $3,459.30 | | | | | |
| Interest on Escrow Deposit | 12/31/2025 | 03/01/2025 | $5.57 | | | $5.57 | $5.57 | $3,464.87 | | | | | |
| Property Pres Corp Adv | 12/19/2025 | | | | | | | $3,464.87 | | $195.00 | | | |
| Property Pres Corp Adv | 12/03/2025 | | | | | | | $3,464.87 | | $30.00 | | | |
| Escrow Advance | 12/02/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,464.87 | | | | | |
| Mortgage Ins Disb | 12/02/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,322.76 | | | | | |
| Escrow Advance | 11/04/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,322.76 | | | | | |
| Mortgage Ins Disb | 11/04/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,180.65 | | | | | |
| Misc Default Exp Corp Adv | 10/17/2025 | | | | | | | $3,180.65 | | $35.00 | | | |
| Misc Default Exp Corp Adv | 10/09/2025 | | | | | | | $3,180.65 | | $25.00 | | | |
| Escrow Advance | 10/02/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,180.65 | | | | | |
| Mortgage Ins Disb | 10/02/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $3,038.54 | | | | | |
| Attorney Corp Advance | 09/08/2025 | | | | | | | $3,038.54 | | $250.00 | | | |
| Escrow Advance | 09/03/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $3,038.54 | | | | | |
| Mortgage Ins Disb | 09/03/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $2,896.43 | | | | | |
| Property Pres Corp Adv | 08/19/2025 | | | | | | | $2,896.43 | | $30.00 | | | |
| Late Charge Assessed | 08/18/2025 | 03/01/2025 | | | | | | $2,896.43 | | | -$86.23 | | |
| Escrow Advance | 08/04/2025 | 03/01/2025 | $142.11 | | | $142.11 | | $2,896.43 | | | | | |
| Mortgage Ins Disb | 08/04/2025 | 07/01/2026 | -$142.11 | | | -$142.11 | -$142.11 | $2,754.32 | | | | | |
| Misc Default Exp Corp Adv | 07/24/2025 | | | | | | | $2,754.32 | | $35.00 | | | |
| Misc Default Exp Corp Adv | 07/23/2025 | | | | | | | $2,754.32 | | $25.00 | | | |
| Escrow Advance | 07/22/2025 | 03/01/2025 | $2,754.32 | | | $2,754.32 | | $2,754.32 | | | | | |
| City Tax Disbursement | 07/22/2025 | 07/01/2025 | -$3,415.63 | | | -$3,415.63 | -$2,754.32 | | | | | | |
| Misc Default Exp Corp Adv | 07/10/2025 | | | | | | | $661.31 | | $16.00 | | | |
| Mortgage Ins Disb | 07/02/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | $661.31 | | | | | | |
| Mortgage Ins Disb | 06/03/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | $805.06 | | | | | | |
| Bad Check Reversal | 05/28/2025 | 03/01/2025 | | | | | $948.81 | | -$2,000.00 | | | | |
| Late Charge Assessed | 05/19/2025 | 03/01/2025 | | | | | $948.81 | | | | -$86.23 | | |
| Modified Payment | 05/15/2025 | 03/01/2025 | $2,000.00 | | | | $948.81 | | $2,000.00 | | | | |
| Bad Check Reversal | 05/15/2025 | 03/01/2025 | | | | | $948.81 | | -$2,000.00 | | | | |
| Bad Check Reversal | 05/14/2025 | 03/01/2025 | | -$296.64 | -$1,859.09 | -$825.42 | $948.81 | | | | | | |
| Hazard Ins Disbursement | 05/12/2025 | 06/01/2025 | -$1,398.00 | | | -$1,398.00 | $1,774.23 | | | | | | |
| Modified Payment | 05/05/2025 | 04/01/2025 | $2,000.00 | | | | $3,172.23 | | $2,000.00 | | | | |
| Mortgage Ins Disb | 05/02/2025 | 07/01/2025 | -$143.75 | | | -$143.75 | $3,172.23 | | | | | | |

Page 1 of 2                                    Generated: 01/30/2026 2:42:54 PM

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT G - SOURCE PAGE 3

**Reinstatement quote**

### MSP Explorer - Reinstatements Quoted (REIN)

**Loan Number:** 9102363637                                    **Borrower Name:** ABU-SHAYED,ANWAR

```
     9102363637            QUOTE CREATION            01/31/26  07:40:34
A  ABU-SHAY MAN F INV 546/017/0234010944  TYPE F.H.A.                    FC 4
DUE 03-01-25  CURRENT: P&I   2,155.73   ESC.      825.42   INT.  7.00000
------------ NEW QUOTE - CALCULATION ------ BEFORE CHANGE -- MOST RECENT QUOTE
DATE OF QUOTE               02-02-26            02-02-26
REINSTATE ON                02-28-26            02-28-26
  NEXT DUE DATE WILL BE      03-01-26            03-01-26
PAYMENTS DUE                      12                  12
TOTAL PAYMENT AMOUNT       35,779.38           35,779.38
CLOSING INT                     .00                 .00
ACCRUED LT CHG     ( I )      603.61   ( I )      603.61   (    )
LT CHG FORECASTED  ( I )       86.23   ( I )       86.23   (    )
BAD CHECK          ( I )      120.00   ( I )      120.00   (    )
RESTRICTED ESCROW  ( I )         .00   ( I )         .00   (    )
NET OTHER FEES     ( I )         .00   ( I )         .00   (    )

SUSPENSE           ( I )         .00   ( I )         .00   (    )

MTGR REC CORP ADV  ( I )    4,771.52   ( I )    4,771.52   (    )
** TOTAL DUE                41,360.74           41,360.74
INCLUDE OPTIONAL INSURANCE (Y/N): N
```

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT G - SOURCE PAGE 4

### Payoff calculation totals

**MSP Explorer - Payoff Calculation Totals (PAY4/PG1)**

Loan Number: 9102363637                    Borrower Name: ABU-SHAYED,ANWAR

```
     9102363637    AS-OF 02/28/26  PAYOFF CALCULATION TOTALS 01/31/26  07:40:15
NAME A  ABU-SHAY CONTACT NAME ANWAR ABU-SHAYED
-------------------------------------------------------------------------------
PRINCIPAL BALANCE        318,701.66      ---------- RATE CHANGES ----------
INTEREST 02/28/26         23,959.34      INT FROM     RATE       AMOUNT
PRO RATA MIP/PMI             284.22      02/01/25   7.00000      23,959.34
ESCROW ADVANCE             7,017.04      02/28/26
ESCROW BALANCE                  .00
SUSPENSE BALANCE                .00
HUD BALANCE                     .00
REPLACEMENT RESERVE             .00
RESTRICTED ESCROW               .00
TOTAL-FEES                      .00  W 1
ACCUM LATE CHARGES           603.61
ACCUM NSF CHARGES            120.00
OTHER FEES DUE                  .00
PENALTY INTEREST                .00
FLAT/OTHER PENALTY FEE          .00      TOTAL INTEREST           23,959.34
CR LIFE/ORIG FEE RBATE          .00      TOTAL TO PAYOFF         355,457.39
RECOVERABLE BALANCE        4,771.52  NUMBER OF COPIES: 1  PRESS PF1 TO PRINT
                                         TOTAL PAGE 2                  .00
-------------------------------------------------------------------------------
```

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT G - SOURCE PAGE 5
### Payoff fees/per diem and internal MSP notes

**MSP Explorer - Payoff Fees and Per Diem (PAY3)**

Loan Number: 9102363637                                    Borrower Name: ABU-SHAYED,ANWAR

```
       9102363637    AS-OF 02/28/26 PAYOFF FEES AND PERDIEM    01/31/26  07:40:11
----------------------------------------------------------    --------------
----- 1ST MORT PERDIEM INTEREST - ASSESS WAIVE ------- ADDITIONAL FEES -------
   FROM        RATE     AMOUNT      N   N 1        .00
 02/28/26    07.00000     61.12     N   N 2        .00
                                    Y   Y 3        .00   PROCESSING FEE
                                    N   Y 4      70.00   RECORDING FEE
                                    N   N 5        .00
                                    N   N 6        .00
                                    N   N 7        .00
                                    N   N 8        .00
                                        N       603.61   ACCUM LATE CHARGES
                                        N       120.00   ACCUM NSF CHARGES
                                        N          .00   OTHER FEES DUE
-------------------------------- MEMO ITEMS --------------------------------
PAYMENT L/C      86.23                  TYP 11 ST 06 CNTY 009    INV 546 017
---------------------------* ADDITIONAL MESSAGES *--------- PF4:  FEE COMMENTS
-=SPOC=-                                 ACTIVE FORECLOSURE
LOSS MIT IND = X LOSSMIT UNSUCCESSFUL  REMOVED LOSS MITIGATION
LOAN IS IN FORECLOSURE, F/C STOP = 4   PROC STOP = F  FORECLOSURE
LOAN PAST DUE  12 MONTHS                015 DAYS TO PROJECTED LEGAL DATE
COMBINED 2ND MTG: ORIG AMT = 324022, INT RATE = 0.000%, PRIN BAL = 0.00
--------------------------------------------------------------------------
```

Printed:    By Naomi Young  on 2/2/2026 7:40:14 AM                          Page 1 of 1

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

## EXHIBIT G - SOURCE PAGE 6

**Attorney fees/costs pre-mediation**

STATEMENT OF ATTORNEY'S FEES/COSTS
PRE-MEDIATION
Planet Home Lending, LLC v. Anwar Abu-Shayed, et al

Attorney's fees:
    Foreclosure                                              $3,750.00

Costs:
    Title Search                                      $ 225.00
    Marshal's Fees                                  $ 560.52
    Clerk, Superior Court Entry Fee           $ 360.00

TOTAL                                           $4,895.52

10167915.v1

# EXHIBIT H

## NOTICE OF ERROR / QWR / DEMAND FOR COMPLIANCE

| Document | Borrowers' Notice of Error + QWR + Demand for Compliance |
|---|---|
| Core Facts | Disputes origination/closing, HUD partial claim, escrow, suspense, dual tracking, credit furnishing, servicer-manufactured debt, and fee transparency; CFPB complaint date corrected to December 8, 2025. |

### Explanation of Relevance

- Shows written notice of specific errors before foreclosure reliance on the same disputed ledger.
- Preserves federal servicing, furnishing, and disclosure issues.

### Federal Harms / Federal Use

- RESPA § 2605; Reg X §§ 1024.35, 1024.36, 1024.17, 1024.41; FCRA § 1681s-2(b); TILA/Reg Z recoupment and setoff.

### State Harms / State Use

- Supports Connecticut equitable accounting, mediation sanctions/extension, declaratory judgment, and non-waiver of objections.

## EXHIBIT H - SOURCE PAGE 1

NOE/QWR page 1

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

**Borrowers:** Anwar Abu-Shayed & Patricio Olmedo
**Property:** 23 Green Hills Circle, Waterbury, CT 06708
**Loan Number:** 9102363637
**Loan Type:** FHA-insured mortgage
**Servicer:** Planet Home Lending ("Planet")
**FHA Case:** 061-6155385

### 1. Origination & Closing Misconduct (TRID/TILA, RESPA, HUD, UDAP)

At closing, my loan and disclosures were **not accurate, not transparent, and not compliant** with TRID, TILA, RESPA, and HUD rules:

- I was given **multiple Closing Disclosures (CDs)** with conflicting figures and told *"this is not what you'll actually pay."* That is a direct TRID violation – the CD must reflect final, accurate terms, not be "corrected verbally."
- The home appraised for **$330,000** and the agreed purchase price was **$340,000**. The loan was **$324,022 at 7%**, when it should have been **$313,000 @ 7%.**
- I brought approximately **$33,000 cash to closing ($23,000 of my own funds plus a $10,000 cash to seller)**, but I received **no meaningful equity benefit**. Despite that cash contribution, the loan was structured at roughly **98% LTV**, effectively placing me underwater from day one.
- My **closing documents were materially altered** and included **inflated attorney fees** charged by an attorney who was also functioning as a **trustee for the servicer**. This presents a direct conflict of interest and appears to violate **RESPA's prohibitions on unearned fees and fee-splitting (12 U.S.C. § 2607)**. These fees were not properly explained or justified.
- I paid a full year of homeowner's insurance at closing (approximately $810–$928), but Planet or its agents later told me that FHA "requires **two homeowners insurances**" and began collecting **$145/month in escrow** for insurance (~$1,740/year), almost **double the actual premium**. This is deceptive and inflated.
- Planet demanded about **12 months of escrow reserves** at closing when **RESPA only permits a 2-month cushion**. Excess escrow was never properly justified or refunded and appears to have been used to inflate arrears and future payment demands.
- Overall, thousands of dollars I brought to closing were siphoned into fees and padded "prepaids" instead of being properly credited toward equity or principal.

Nothing about my closing was "safe and sound." It appears structurally designed to over-encumber me, misallocate my cash, and generate long-term fee income for the servicer and its affiliates.

## EXHIBIT H - SOURCE PAGE 2
### NOE/QWR page 2

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

### 2. HUD Partial Claim Misuse & Lien Stacking (HUD 4000.1 Violations)

Subsequently, Planet obtained a **HUD Partial Claim** in 2024 to address prior arrears (HUD payoff letter around **$36,406.96**). Under **HUD Handbook 4000.1**, when a Partial Claim is used:

- The arrears are supposed to be **cured**.
- The borrower's loan is supposed to be reset to **"current"**.
- The principal balance should be **recalculated correctly**.
- Negative credit reporting for those cured months should cease.
- Interest should not continue on amounts paid by HUD.

Instead, Planet:

- Did **not** reset my delinquency to "current."
- Did **not** correctly adjust principal/amortization.
- Continued layering negative credit reporting.
- Continued charging interest and fees on amounts HUD already paid.

Then, in 2025, Planet proposed a **second, stand-alone Partial Claim** of roughly **$21,000–$23,800, stacked on top of the existing ~ $36,400 HUD lien**, bringing total subordinate liens to **about $60,000, plus** a first mortgage balance around **$318,700**.

That means my home is now encumbered for roughly **$378,700** on a **$330,000 appraisal – negative equity of about $48,700** created by Planet's own practices. HUD Partial Claims are meant to **cure** default, not strip equity and compound arrears manufactured through escrow and servicing errors.

### 3. Escrow Abuse & Manufactured Shortages (RESPA Reg X §1024.17)

Planet's escrow administration has been abusive and mathematically unsupported:

- My escrow payments were increased to roughly **$825–$829/month**, even though actual annual taxes and insurance should be around **$6,600/year**, not **$9,900/year**. That is an overcharge of about **$3,300/year**.
- For insurance alone, my actual premium is around **$70–$77/month**, but Planet has been escrow-collecting **$145/month**, which is roughly **$900/year** in excess insurance escrow.
- At the same time, statements show an escrow balance of approximately **–$3,322.76 (negative)**, which suggests **manufactured escrow shortages** and/or improper advances and misapplied funds.

## EXHIBIT H - SOURCE PAGE 3
### NOE/QWR page 3

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

- Planet appears to have advanced inflated tax payments to the municipality, establishing artificially high "last bill" baselines and then using that to justify higher future escrow collections.

These practices violate **12 C.F.R. §1024.17** (escrow rules) and appear designed to fabricate shortages and arrears that can then be rolled into Partial Claims and additional liens.

### 4. Unapplied/Suspense Payments & Servicer-Created Delinquency (RESPA §§1024.35, 1024.36)

Planet has repeatedly held borrower payments in **unapplied/suspense accounts**:

- At least **$5,000** (and other amounts such as **$2,000**) were held in suspense rather than applied properly to principal and interest.
- While holding these funds, Planet's statements showed me as **"108 days delinquent"** and labeled me as in a "trial plan."
- This **manufactured delinquency** is the direct result of Planet's failure to apply funds, not a refusal to pay on my part.

These actions violate **RESPA servicing provisions (12 C.F.R. §§1024.35 & 1024.36)** and create false arrears that Planet then uses to justify more fees, more interest, and more Partial Claims.

### 5. Dual Tracking & Fake Loss Mitigation (Reg X §1024.41, HUD 4000.1)

From 2023 through 2025, I have been in **documented financial hardship** and **loss-mitigation review**:

- Planet enrolled me in assistance evaluations.
- A HUD Partial Claim was approved and paid.
- A "Trial Payment Plan" was offered.

Despite that, Planet:

- **Continued reporting 30/60/90/120/180-day lates** during active hardship and review.
- **Accelerated the loan** and treated me as chronically delinquent rather than properly curing the default through the HUD programs already used.

## EXHIBIT H - SOURCE PAGE 4
### NOE/QWR page 4

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

- Offered a "trial plan" that **did not reduce interest, did not properly cure delinquency, did not re-establish current status, did not fix escrow, and did not adjust principal consistent with HUD rules.**

This is not real loss mitigation. It is **dual tracking** and **cosmetic workout activity** specifically barred by **12 C.F.R. §1024.41(g)** and **HUD Handbook 4000.1**.

## 6. False Credit Reporting & FCRA Violations

Throughout hardship, HUD assistance, and review, Planet has continued to furnish **inaccurate and inflated data** to the credit bureaus:

- Internal statement balance: ~**$318,701.66**
- Furnished balance to Experian: ~**$340,076**
- Correct FHA-compliant principal after Partial Claim: ~**$313,000**

Planet also continued reporting severe delinquency (including 120–180-day lates) even when:

- HUD had already paid a Partial Claim to cure arrears;
- I was in active loss mitigation;
- Planet's own servicing errors (escrow and suspense) created much of the alleged default.

This violates **FCRA (15 U.S.C. §1681s-2)** and CFPB's credit furnishing standards.

## 7. Harassment & Discriminatory Impact (ECOA / Fair Housing)

During a loss-mitigation call, a Planet representative stated:
**"At least I can pay my house,"**
which was harassing, unprofessional, and had a discriminatory effect given my protected background and hardship status. This conduct runs afoul of **ECOA**, **fair-servicing standards**, and basic CFPB expectations regarding how servicers treat borrowers in loss mitigation.

## 8. Servicer-Manufactured Debt: $31,192.92

Planet now claims I owe **$31,192.92**, which appears to consist of:

- interest on arrears that HUD already paid via Partial Claim;
- escrow shortages that were **created** by inflated projections and manipulation;

## EXHIBIT H - SOURCE PAGE 5
### NOE/QWR page 5

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

- delinquency that came from **suspense/non-application of payments**, not from refusal to pay.

This is **servicer-created default** and **servicer-manufactured debt**, not a legitimate borrower default.

### 9. Trustee/Attorney Payment Transparency (Trustee Disbursement & Fee Records)

Given the **inflated attorney fees** at closing and the attorney's dual role as a **trustee for the servicer**, I am deeply concerned about unearned or excessive trustee/attorney compensation throughout the life of the loan. I am requesting CFPB require Planet to produce:

- the **trustee disbursement ledger** (all payments from the trust or investor);
- all **attorney and trustee invoices** paid or charged to my account;
- the **corporate advances ledger** (with recoverable vs. non-recoverable classification);
- any servicing agreement fee schedules that govern these payments.

This is necessary to determine whether the liens and claimed arrears are inflated by self-dealing and unlawful fees.

### CONSUMER HARM

Planet's conduct has:

- stripped my equity and pushed my loan into **negative equity**;
- damaged my credit through **false, inflated, and unlawful reporting**;
- blocked my ability to refinance or sell;
- exposed me to **foreclosure risk** that is largely manufactured by servicing errors;
- diverted thousands of dollars per year through inflated escrow and insurance;
- created severe stress and uncertainty for my household.

### WHAT I WANT CFPB TO DO

I respectfully request that CFPB:

## EXHIBIT H - SOURCE PAGE 6

### NOE/QWR page 6

NOTICE OF ERROR + QWR + DEMAND FOR COMPLIANCE

1. **Order a full forensic review** of Planet's servicing of my FHA loan, including origination, escrow, Partial Claims, loss mitigation, and credit reporting.
2. Require Planet to **correct my principal balance** to the lawful post–Partial Claim amount (≈ **$313,000**) and remove any charges based on inflated escrow or misapplied payments.
3. Require Planet to **remove all negative credit reporting** associated with:
   ○ periods covered by the HUD Partial Claim;
   ○ periods of active loss mitigation/trial plans;
   ○ delinquencies caused by suspense/misapplication of payments or inflated escrow.
4. Require Planet to **reverse all improper fees, interest, escrow overcharges, and any amounts included in the $31,192.92 that arose from its own violations.**
5. Require Planet to produce a **complete life-of-loan servicing history**, including:
   ○ payment histories (all versions),
   ○ escrow analyses (all versions),
   ○ tax and insurance disbursement proofs,
   ○ trustee/attorney payment ledgers and corporate advances,
   ○ documents for both HUD Partial Claims (2024 and proposed 2025).
6. Require Planet to **cease dual tracking** and suspend any foreclosure activity while errors are corrected.
7. Refer Planet for **appropriate supervisory or enforcement action** for systemic RESPA, Reg X, FCRA, HUD 4000.1, TRID/TILA, and UDAP violations.

Sincerely,

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed
Borrower & Complainant

/s/ Patricio Olmedo
Patricio Olmedo
Co-Borrower & Complainant

Address: 23 Green Hills Circle, Waterbury, CT 06708
Loan No.: 9102363637
FHA Case No.: 061-6155385

# EXHIBIT I

## LIS PENDENS, FORECLOSURE COMPLAINT, MORTGAGE, ASSIGNMENT

| Document | Foreclosure complaint and Waterbury land-record documents |
|---|---|
| Core Facts | Foreclosure complaint references the Homestead-originated note/mortgage; assignment recorded Vol. 8936 Pg. 7; lis pendens recorded Vol. 9174 Pg. 108; mortgage recorded Vol. 8718 Pg. 69. |

### Explanation of Relevance

- Shows state foreclosure and title-clouding activity based on disputed enforcement authority and accounting.
- Supports federal status-quo/injunctive relief and declaratory relief.

### Federal Harms / Federal Use

- Declaratory Judgment Act and supplemental/injunctive context; RESPA/FCRA/TILA claims create federal question jurisdiction.

### State Harms / State Use

- Conn. Gen. Stat. §§ 49-17, 52-29, 52-325, 52-325b: standing, declaration, lis pendens discharge, title cloud.

## EXHIBIT I - SOURCE PAGE 1

### Foreclosure complaint page 1

| | | |
|---|---|---|
| RETURN DATE: JANUARY 13, 2026 | : | SUPERIOR COURT |
| PLANET HOME LENDING, LLC | : | J.D. OF WATERBURY |
| VS. | : | AT WATERBURY |
| ANWAR ABU-SHAYED, PATRICIO OLMEDO, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT | : | DECEMBER 5, 2025 |

COMPLAINT
FORECLOSURE OF MORTGAGE

1.    By Note dated June 9, 2023 (the "Note"), the defendants ANWAR ABU-SHAYED and PATRICIO OLMEDO promised to pay to the order of HOMESTEAD FUNDING CORP. the sum of THREE HUNDRED TWENTY FOUR THOUSAND TWENTY TWO and 00/100 ($324,022.00) DOLLARS payable with interest thereon as provided in the Note.

2.    By Mortgage Deed of that date (the "Mortgage"), defendants ANWAR ABU-SHAYED and PATRICIO OLMEDO to secure the Note, mortgaged to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMESTEAD FUNDING CORP. a certain piece or parcel of land, situated in the Town of Waterbury, County of New Haven and State of Connecticut, and being known and designated as 23 Green Hills Circle, Waterbury, Connecticut and more particularly bounded and described in Schedule A attached hereto.

The Mortgage is conditioned upon the payment of the Note according to its tenor, and the performance of certain covenants and conditions contained in the Mortgage which was recorded June 12, 2023 in Volume 8718, Page 69 of the Waterbury Land Records.  A copy of the Mortgage is attached hereto as Exhibit A.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103
24139\0452\10091892.v1

**ᒪᒪᓂ HALLORAN
ᒪᒪᓂ SAGE**

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

## EXHIBIT I - SOURCE PAGE 2

### Assignment of Mortgage - Vol. 8936 Pg. 7

### EXHIBIT B



**VOL 8936 PG 7**
09/20/2024 08:35:23 AM
1 Pages
ASSIGNMENT

Instr # 2024-10344
Antoinette C. Spinelli, Waterbury Town Clerk          Clerk:CJ

After Recordation Return To:
Planet Home Lending LLC
C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

Loan Number

### ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR HOMESTEAD FUNDING CORP, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026) by these presents does convey, grant, assign, transfer and set over the described Mortgage with all liens, and any rights due or to become due thereon to **PLANET HOME LENDING, LLC, WHOSE ADDRESS IS 321 RESEARCH PARKWAY, SUITE 303, MERIDEN, CT 06450, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage bearing the date 06/09/2023, made by **ANWAR ABU-SHAYED AND PATRICIO OLMEDO** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR HOMESTEAD FUNDING CORP, ITS SUCCESSORS AND ASSIGNS, and recorded in the Land Records of the Town of **WATERBURY**, State of **Connecticut**, in **Vol 8718 and Page 69**, to which reference may be had.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR HOMESTEAD FUNDING CORP, ITS SUCCESSORS AND ASSIGNS has hereunto set its hand this **19th day of September in the year 2024.**

**ALAN BAKER**
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and Delivered in the presence of:

**ANGELA PAVAO**
**WITNESS**

**LAUREN ASTLE**
**WITNESS**

STATE OF FLORIDA   COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on this 19th day of September in the year 2024, by Alan Baker as VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR HOMESTEAD FUNDING CORP, ITS SUCCESSORS AND ASSIGNS, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

**JULIE MARTENS**
**COMM EXPIRES: 5/22/2026**

JULIE MARTENS
Notary Public - State of Florida
Commission # HH 243030
My Comm. Expires May 22, 2026
Bonded through National Notary Assn.

PHLDE 442398299  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) DEFAULT  MIN
MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI 48501-2026
DOCR T192409-02:16:49 [C-1] EFRMCT1

*D0108338012*

BK: 8936 PG: 7

## EXHIBIT I - SOURCE PAGE 3

### Notice of Lis Pendens - Vol. 9174 Pg. 108

Return to:
Christopher J. McCarthy, Esq.
Oscar L. Suarez, Esq.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103

Receipt # 518171

**VOL 9174 PG 108**
12/10/2025 09:01:31 AM
3 Pages
LIS PENDENS
Instr # 2025-19665
Antoinette C Spinelli, Waterbury Town Clerk          Clerk:SC

| | | |
|---|---|---|
| RETURN DATE:  JANUARY 13, 2026 | : | SUPERIOR COURT |
| PLANET HOME LENDING, LLC | : | J.D. OF WATERBURY |
| VS. | : | AT WATERBURY |
| ANWAR ABU-SHAYED, PATRICIO OLMEDO, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT | : | DECEMBER 5, 2025 |

### LIS PENDENS

KNOW ALL MEN BY THESE PRESENTS:

Notice is hereby given of the pendency of a civil action, wherein PLANET HOME LENDING, LLC with its main office located in Meriden, Connecticut is the plaintiff and ANWAR ABU-SHAYED, PATRICIO OLMEDO, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT are the defendants, brought by writ dated December 5, 2025 made returnable to the Superior Court for the Judicial District of Waterbury at Waterbury on the second Tuesday of January, 2026 which action is brought to foreclose a certain mortgage from ANWAR ABU-SHAYED and PATRICIO OLMEDO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMESTEAD FUNDING CORP. dated June 9, 2023 and recorded June 12, 2023 in Volume 8718, Page 69 of the Waterbury Land Records, as assigned to PLANET HOME LENDING, LLC by Assignment September 19, 2024 and recorded September 20, 2024 in Volume

24139\0452\10091893.v1

BK: 9174  PG: 108

# EXHIBIT J

## EXPERIAN DELETION AND EQUIFAX / GREEN PLANET REPORTING

| Document | Experian reinvestigation and myEquifax screenshots |
|---|---|
| Core Facts | Experian removed the Planet tradeline after reinvestigation; Equifax displayed Green Planet Mortgage LLC, original creditor blank, FHA real estate mortgage, balance around $340,076. |

### Explanation of Relevance

- Supports credit-furnishing verification dispute and source/identity issue.
- Does not alone adjudicate standing; supports demand for reliable debt baseline and actual furnisher/source identification.

### Federal Harms / Federal Use

- FCRA §§ 1681e(b), 1681i, 1681s-2(b); CFPB furnishing standards.

### State Harms / State Use

- Equitable foreclosure: court should not rely on a ledger that failed consistent verification across platforms.
- Declaratory/accounting relief: source and identity of debt must be clarified.

# EXHIBIT J - SOURCE PAGE 1

## Exhibit F summary - Experian deletion

| EXHIBIT F - EXPERIAN REINVESTIGATION DELETION | |
|---|---|
| Document | Experian reinvestigation report dated February 27, 2026. |
| Core Fact Established | Experian removed the Planet Home Lending mortgage tradeline after reinvestigation. |
| Federal Statutory / Regulatory Rules | FCRA §§ 1681e(b), 1681i, 1681s-2(b); CFPB furnishing and reinvestigation standards. |
| Connecticut Statutory / Procedural Rules | Connecticut equitable foreclosure principles requiring reliable debt accounting; Conn. Gen. Stat. § 52-29. |
| Litigation / Mediation Use | Use as verification-dispute evidence, not as a final adjudication of standing. |
| **EXPLANATION OF RELEVANCE** | |

- Deletion supports that at least one nationwide CRA did not maintain the disputed mortgage tradeline after reinvestigation.
- Deletion should be paired with Equifax identity mismatch and MERS inactive status as cumulative verification evidence.
- It should not be overstated as a final legal finding that the debt cannot exist.

**REQUESTED INFERENCE / COURT USE**

The Court should treat Planet's account data as disputed and require a full evidentiary accounting before relying on the same ledger for foreclosure.

# EXHIBIT J - SOURCE PAGE 2

## Experian source page - item removed

**EXHIBIT F - SOURCE PAGE 29**

**EXHIBIT E - SOURCE PAGE 1**

Prepared For

**ANWAR ABU-SHAYED**

**Personal & Confidential**

Date Generated  Feb 27, 2026

Report Number  0579-1221-04

**About Dispute Results**

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute, verify the accuracy of the information, provide us a response to your dispute, and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

**Here are your results**

### PLANET HOME LENDING, L

Account • 571910XXXXXXX

This item was removed from your credit report. Please review your report for the details

You can contact PLANET HOME LENDING, L at 321 RESEARCH PKWY STE 303, MERIDEN , CT 06450 or (866) 882-8187



Deleted

 **After your dispute**

This item was removed from your Credit Report

 **Before your dispute**

 **Account Info**

| Account Name | PLANET HOME LENDING, LLC | Balance | $340,076 |
|---|---|---|---|
| Account Number | 571910XXXXXXX | Balance Updated | 11/06/2025 |
| Account Type | FHA Mortgage | Recent Payment | |

Verified Exhibit Binder - Abu-Shayed / Olmedo v. Planet Home Lending, LLC - Page 29

# EXHIBIT J - SOURCE PAGE 3

## Exhibit G summary - Equifax/Green Planet

| EXHIBIT G - EQUIFAX / GREEN PLANET MORTGAGE REPORTING | |
|---|---|
| Document | Equifax / myEquifax reporting screenshots displaying Green Planet Mortgage LLC. |
| Core Fact Established | Equifax displayed the mortgage under a non-matching entity name with blank original creditor field while foreclosure is prosecuted by Planet Home Lending, LLC. |
| Federal Statutory / Regulatory Rules | FCRA §§ 1681e(b), 1681i, 1681s-2(b); CFPB furnishing standards; RESPA RFI relevance. |
| Connecticut Statutory / Procedural Rules | Conn. Gen. Stat. § 52-29; equitable foreclosure accounting; standing/accounting principles. |
| Litigation / Mediation Use | Supports identity/source/verification dispute and demand to identify actual furnisher, source of verification, original creditor, and reporting authority. |
| EXPLANATION OF RELEVANCE | |

- The issue is not that Green Planet is proven to be the furnisher; the issue is that Equifax displayed a non-matching entity name.
- The original creditor field is blank despite Planet identifying Homestead as originator.
- Supports dispute over identity, source, ownership, balance, and reporting authority.

| REQUESTED INFERENCE / COURT USE |
|---|

Equifax and Planet should be required to identify the actual furnisher, verification source, original creditor, and authority for reporting before the data is relied upon as a trustworthy debt baseline.

# EXHIBIT J - SOURCE PAGE 4

### Equifax source page - Green Planet Mortgage LLC



EXHIBIT G - SOURCE PAGE 35

Verified Master Servicing Dispute Binder - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

Verified Federal Evidence Packet - Abu-Shayed / Olmedo v. Planet Home Lending, LLC

# EXHIBIT K

## CONNECTICUT HOMEOWNER PROTECTION / FORECLOSURE MEDIATION LAW

| Document | Public Act No. 13-136 / Homeowner Protection Rights |
|---|---|
| Core Facts | Defines mediation objectives, ability to mediate, required documents, mediator reports, non-waiver, and sanctions structure. |

### Explanation of Relevance

- Shows state mediation framework interacting with federal servicing and loss-mitigation duties.
- Supports structural relief rather than premature damages.

### Federal Harms / Federal Use

- Federal RESPA/Reg X duties align with mediation need for complete records, loss-mitigation review, and meaningful responses.

### State Harms / State Use

- Conn. Gen. Stat. §§ 49-31k, 49-31l, 49-31m, 49-31n; supports extension, document production, sanctions-safe tolling/fee relief, and non-waiver.

## EXHIBIT K - SOURCE PAGE 1

### Homeowner Protection Rights - definitions/objectives



*Substitute House Bill No. 6355*

*Public Act No. 13-136*

*AN ACT CONCERNING HOMEOWNER PROTECTION RIGHTS.*

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. Section 49-31k of the general statutes is repealed and the following is substituted in lieu thereof (*Effective July 15, 2013*):

As used in this section and sections 49-31l to 49-31o, inclusive, as amended by this act, and section 5 of this act:

(1) "Mortgagor" means: (A) The owner-occupant of one-to-four family residential real property located in this state who is also the borrower under a mortgage encumbering such residential real property, except an heir or occupying nonowner of a property encumbered by a reverse annuity mortgage, which is the primary residence of such owner-occupant, or (B) a religious organization that is (i) the owner of real property located in this state, and (ii) the borrower under a mortgage encumbering such real property;

(2) "Residential real property" means a one-to-four family dwelling, occupied as a residence by a mortgagor;

(3) "Mortgagee" means the [original lender or servicer under a mortgage, or its successors or assigns, who is the holder of any mortgage] owner or servicer of the debt secured by a mortgage on residential real property or real property owned by a religious organization securing a loan made primarily for personal, family, religious or household purposes that is the subject of a foreclosure action;

(4) "Authority" means the Connecticut Housing Finance Authority created under section 8-244;

(5) "Mortgage assistance programs" means the mortgage assistance programs developed and implemented by the authority in accordance with sections 8-265cc to 8-265kk, inclusive, 8-265rr and 8-265ss; [and]

(6) "Religious organization" means an organization that meets the religious purposes test of Section 501(c)(3) of the Internal Revenue Code of 1986; [.]

(7) "Objectives of the mediation program" (A) means a determination as to whether or not the parties can reach an agreement that will (i) avoid foreclosure by means that may include consideration of any loss mitigation options available through the mortgagee, or (ii) expedite or facilitate the foreclosure in a manner acceptable to the parties, and (B) includes an expectation that all parties shall endeavor to reach such determination with reasonable speed and efficiency by participating in the mediation process in good faith, but without unreasonable and unnecessary delays; and

## EXHIBIT K - SOURCE PAGE 2

Mediation procedure/non-waiver language

day following the return date. The notice of such meeting shall instruct the mortgagor to complete the forms prior to the meeting and to furnish such forms together with the documentation contained in the list, as provided by the mortgagee following the filing of the foreclosure mediation certificate, at the meeting. At such meeting, the mediator shall review such forms and documentation with the mortgagor, along with the information supplied by the mortgagee, in order to discuss the options that may be available to the mortgagor, including any community-based resources, and assist the mortgagor in completing the forms and furnishing the documentation necessary for the mortgagee to evaluate the mortgagor for alternatives to foreclosure. The mediator may elect to schedule subsequent meetings with the mortgagor and determine whether any mortgagor may be excused from an in-person appearance at such subsequent meeting. As soon as practicable, but in no case later than the eighty-fourth day following the return date, the mediator shall facilitate and confirm the submission by the mortgagor of the forms and documentation to the mortgagee's counsel via electronic means and, at the mortgagee's election, directly to the mortgagee per the mortgagee's instruction, and determine, based on the mortgagor's attendance at the meetings and the extent the mortgagor completed the forms and furnished the documentation contemplated in this subdivision, or failed to perform such tasks through no material fault of the mortgagee, and file a report with the court indicating, (I) whether mediation shall be scheduled with the mortgagee, (II) whether the mortgagor attended scheduled meetings with the mediator, (III) whether the mortgagor fully or substantially completed the forms and furnished the documentation requested by the mortgagee, (IV) the date on which the mortgagee supplied the forms and documentation, and (V) any other information the mediator determines to be relevant to the objectives of the mediation program. No meeting or communication between the mediator and mortgagor under this subdivision shall be treated as an impermissible ex parte communication. If the mediator determines that the mortgagee shall participate in mediation, the court shall promptly issue notice to all parties of such determination and schedule a mediation session between the mortgagee and mortgagor in accordance with subsection (c) of section 49-31n, as amended by this act, to be held not later than five weeks following the submission to the mortgagee of the forms and documentation contemplated in this subdivision. If the mediator determines that no sessions between the mortgagee and mortgagor shall be scheduled, the court shall promptly issue notice to all parties regarding such determination and mediation shall be terminated. Any mortgagor wishing to contest such determination shall petition the court and show good cause for reinclusion in the mediation program, including, but not limited to, a material change in financial circumstances or a mistake or misunderstanding of the facts by the mediator.

(5) Notwithstanding the provisions of this subsection, the court may refer a foreclosure action brought by a mortgagee to the foreclosure mediation program at any time, for good cause shown, provided the mortgagor has filed an appearance in said action and further provided the court shall, not later than the date three business days after the date on which it makes such referral, send a notice to each appearing party [scheduling the first foreclosure mediation session for a date not later than the date thirty-five days from the date of such referral] assigning the case to mediation and requiring the parties to participate in the premediation process described in subdivision (4) of this subsection, with the court establishing deadlines to ensure that the premediation process is to be completed by the parties as expeditiously as the circumstances warrant and permit. When determining whether good cause exists, the court shall consider whether the parties are likely to benefit from mediation and, in the case of a referral after prior attempts at mediation have been terminated, whether there has been a material change in circumstances.

(6) Notwithstanding any provision of the general statutes or any rule of law, prior to July 1, 2014, (A) for the period of time which shall not exceed eight months from the return date, the mortgagor shall be permitted to file an answer, special defenses or counterclaims, but no mortgagee or mortgagor shall make any motion, request or demand with respect to the other, except those motions, requests or demands that relate to the mediation program described in section 49-31m, as amended by this act,

## EXHIBIT K - SOURCE PAGE 3
### Mediator report and sanctions provisions

The mediator shall deliver a copy of such report to each party to the mediation when the mediator files the report. The parties shall have the opportunity to submit their own supplemental information following the filing of the report, provided such supplemental information shall be submitted not later than five business days following the receipt of the mediator's report. Any request by the mortgagee to the mortgagor for additional or updated financial documentation shall be made in writing. The court may impose sanctions on any party or on counsel to a party if such party or such counsel engages in intentional or a pattern or practice of conduct during the mediation process that is contrary to the objectives of the mediation program. Any sanction that is imposed shall be proportional to the conduct and consistent with the objectives of the mediation program. Available sanctions shall include, but not be limited to, terminating mediation, ordering the mortgagor or mortgagee to mediate in person, forbidding the mortgagee from charging the mortgagor for the mortgagee's attorney's fees, awarding attorney's fees, and imposing fines. In the case of egregious misconduct, the sanctions shall be heightened. The court shall not award attorney's fees to any mortgagee for time spent in any mediation session if the court finds that such mortgagee has failed to comply with this subdivision, unless the court finds reasonable cause for such failure.

(3) [Not later than two days after the conclusion of the first mediation session, the mediator shall determine whether the parties will benefit from further mediation. The mediator shall file with the court a report setting forth such determination and mail a copy of such report to each appearing party. ] If the mediator reports to the court that the parties will not benefit from further mediation, the mediation period shall terminate automatically. If the mediator reports to the court after the first or second mediation session that the parties may benefit from further mediation, the mediation period shall continue. [Either party's failure to comply with the documentation requirements of this section or section 49-31l shall not be grounds for terminating the mediation period before a second mediation session is conducted. ]

(4) [If the mediator has submitted a report to the court that the parties may benefit from further mediation pursuant to subdivision (3) of this subsection, not more than two days after the conclusion of the mediation, but not later than the termination of the mediation period set forth in subdivision (1) of this subsection, the mediator shall file a report with the court describing the proceedings and specifying the issues resolved, if any, and any issues not resolved pursuant to the mediation. The filing of the report shall terminate the mediation period automatically. ] If the mediation period concludes and certain issues have not been resolved pursuant to the mediation, the mediator may refer the mortgagor to any appropriate community-based services that are available in the judicial district, but any such referral shall not cause a delay in the mediation process.

(5) The Chief Court Administrator shall establish policies and procedures to implement this subsection. Such policies and procedures shall, at a minimum, provide that the mediator shall advise the mortgagor at the first [mediation session] meeting required by [subdivision (2) of this subsection] subdivision (4) of subsection (c) of section 49-31l, as amended by this act, that: (A) Such mediation does not suspend the mortgagor's obligation to respond to the foreclosure action beyond the limited time frame described in subdivision (6) of subsection (c) of section 49-31l, as amended by this act; and (B) a judgment of strict foreclosure or foreclosure by sale may cause the mortgagor to lose the residential real property or real property owned by a religious organization to foreclosure.

(6) In no event shall any determination issued by a mediator under this program form the basis of an appeal of any foreclosure judgment.

(7) The foreclosure mediation program shall terminate when all mediation has concluded with respect to any foreclosure action with a return date during the period from July 1, 2009, to June 30, 2014, inclusive.

# Verification

The undersigned certify under penalty of false statement that the factual assertions, exhibit descriptions, and documentary references contained in this Verified Federal Evidence Packet and State/Federal Harm Matrix are true and accurate to the best of their knowledge, information, and belief.


Dated at Waterbury, Connecticut, this 25th day of May, 2026.


/s/ Anwar Abu-Shayed
Anwar Abu-Shayed

/s/ Patricio Olmedo
Patricio Olmedo